**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2005
Decided April 19, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3350

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      *Plaintiff-Appellee,*<br><br>            *v.*<br><br>AKIN MARTINS,<br>      *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 03 CR 808<br><br>Matthew F. Kennelly,<br>*Judge.* |

**O R D E R**

Akin Martins was implicated by a series of controlled purchases and wiretaps as a middleman in a conspiracy to distribute heroin imported from Nigeria. He was convicted after a jury trial of conspiracy to possess and distribute heroin, 21 U.S.C. §§ 846, 841(a)(1), possession of heroin with intent to distribute, *id*. § 841(a)(1), and use of a telephone to facilitate the conspiracy, *id*. § 843(b), and sentenced to a total of 72 months' imprisonment and five years' supervised release. Martins filed a timely notice of appeal, but his appointed counsel has filed a motion to withdraw, arguing that he cannot find a valid basis for an appeal. *See Anders v. California*, 386 U.S. 738 (1967). Martins responded to his counsel's motion under Circuit Rule

51(b), and we confine our review to the potential issues identified in counsel's brief and Martins' response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir.2002).

Initially counsel considers whether Martins might argue that the district court erred in trying him with his codefendant, Yemi Odulate. Because the two men were indicted together and Martins failed to move for a severance, our review would be limited to plain error. *See United States v. Febus*, 218 F.3d 784, 797-98 (7th Cir. 2000). Any error would be plain, though, only if it affected Martins' substantial rights by altering the outcome of the trial. *See United States v. Shearer*, 379 F.3d 453, 456 (7th Cir. 2004). After reviewing the record, counsel concluded that a severance was not warranted since the evidence against both defendants overlapped, and because a presumption exists that codefendants in a conspiracy case should be tried together. *See United States v. Phillips*, 239 F.3d 829, 838 (7th Cir. 2001). Martins contends in his Rule 51(b) response that the joint trial prevented him from calling Odulate to testify that the substance they discussed in the recorded telephone conversations admitted as evidence was marijuana rather than heroin. But Odulate's testimony, even if he were willing to provide it, would not have affected the outcome of the trial. Each of the other three coconspirators, including actors above and below Martins in the distribution chain, pleaded guilty and testified that they conspired with Martins and Odulate to traffic heroin, not marijuana. *See, e.g., United States v. Castillo*, 406 F.3d 806, 821-22 (7th Cir. 2005) (defendant could not show that alleged error in jury charge affected his substantial rights in the face of overwhelming evidence of guilt). Moreover, all of the controlled buys and drug seizures involved heroin exclusively. We agree with counsel that it would be frivolous to proceed with this issue on appeal.

Counsel next questions whether Martins could argue that the district court should have instructed the jury on multiple conspiracies, rather than the single, overarching conspiracy the government alleged. Again the standard of review would be plain error because he did not submit the instructions he now argues were necessary before the district court. Although Odulate did submit a proposed multiple-conspiracy jury instruction, Martins did not adopt the submission, nor does he suggest that he thought Odulate's submission would count as his own. As we have explained, defendants who do not propose their own multiple conspiracy jury instructions or join in a codefendant's proposal forfeit the argument on appeal. *United States v. Briscoe*, 896 F.2d 1476, 1513 (7th Cir. 1990). In any event, no matter the standard of review, the proposed argument would be frivolous because we have held repeatedly that instructions like those given by the district court in this case are sufficient to render further instructions on multiple conspiracies superfluous. *See id.; United States v. Katalinich*, 113 F.3d 1475, 1482 (7th Cir. 1997); *United States v. Shorter*, 54 F.3d 1248, 1256 (7th Cir. 1995).

Counsel also contemplates arguing that no reasonable jury could have found Martins guilty on the evidence admitted at trial, and concludes that this argument would be frivolous. We concur. We would overturn the verdicts for lack of evidence only if *no* rational jury could have found Martins guilty beyond a reasonable doubt, a "nearly insurmountable hurdle." *United States v. Moore*, 425 F.3d 1061, 1072 (7th Cir. 2005) (internal quotation marks and citation omitted). Among the evidence against Martins was testimony from two of his coconspirators that he was present in the apartments that were used to house heroin couriers from Nigeria, helped count money there, and took some of the imported heroin for distribution. Also, wiretaps showed that after another coconspirator received an order from the confidential informant for 100 grams of heroin, he relayed that request to Martins to be filled. It would be frivolous to argue that no rational jury could have found Martins guilty beyond a reasonable doubt.

Martins raises several other arguments in his Rule 51(b) response. Primarily he argues that trial counsel was ineffective, but ineffective-assistance claims are more preferably made through a motion under 28 U.S.C. § 2255, where new evidence may be introduced to further develop the record. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Martins also contends that the DEA was in possession of a signed statement from Odulate stating that he and Martins were trafficking marijuana, not heroin, and that this was exculpatory material improperly withheld in violation of the rule in *Brady v. Maryland*, 373 U.S. 83, 87 (1963). We fail to understand how information that must have been known to Martins—if true—could possibly come within the scope of *Brady*. *See United States v. Lee*, 399 F.3d 864, 865 (7th Cir. 2005). Regardless, Martins did not raise this contention in the district court and would not be able to do so on appeal for the first time. *See United States v. Payne*, 102 F.3d 289, 292-93 (7th Cir. 1996).

Martins also asserts that the sentencing court used counts of the joint indictment in which he was not named in order to calculate the quantity of heroin he possessed. This is incorrect. The jury returned specific findings on two of the three counts for which Martins was convicted, finding in each that the relevant quantity was between 100 grams and 1 kilogram. In its statement of reasons, the trial court explicitly referred to only 160 grams. The district court sentenced Martins based on a quantity less than that found by the jury, and thus it would be frivolous for him to argue that this was erroneous.

Finally, Martins argues that his counsel should address sentencing issues under both *United States v. Booker*, 125 S.Ct. 738 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We had already decided *United States v. Booker*, 375 F.3d 508 (7th Cir.2004), *aff'd*, 125 S.Ct. 738 (2005), before Martins was sentenced. With the benefit of that decision, the district court explained that it would have

given the same 72-month overall sentence if the guidelines had been merely advisory. Moreover, the prison sentence is within the guideline range of 63 to 78 months' incarceration, making it presumptively reasonable under *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and there is nothing in the record to rebut that presumption. Accordingly, it would be frivolous for Martins to argue that the prison term is unreasonable or that a limited remand is necessary to determine whether the district court would have given a lower sentence post-*Booker*.

Accordingly, we GRANT the motion to withdraw and DISMISS this appeal.