In the

# United States Court of Appeals
## For the Seventh Circuit

—————

No. 06-2282

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KENNETH SHEARER,

*Defendant-Appellant.*

—————

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 01 CR 49—**William C. Lee**, *Judge.*

—————

ARGUED DECEMBER 5, 2006—DECIDED MARCH 12, 2007

—————

Before FLAUM, WOOD, and EVANS, *Circuit Judges.*

FLAUM, *Circuit Judge.* On June 20, 2002, a jury convicted Kenneth Shearer of dealing in explosive materials without a license in violation of 18 U.S.C. §§ 842(a)(1) and 844(a)(1) (Count 1); tampering with a marking, label, and placard required on display fireworks in violation of 49 U.S.C. §§ 5104(b) and 5124 (Count 2); and knowingly receiving explosive materials in interstate commerce in violation of 18 U.S.C. §§ 842(a)(3)(A) and 844(a)(1) (Counts 3 and 4). On August 12, 2004, we affirmed his conviction but vacated his original sentence in light of *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). *See United States v. Shearer*, 379 F.3d 453, 456-57 (7th Cir. 2004). On remand, the district court sentenced Shearer to seventy

months' imprisonment on Counts 1, 3, and 4, and a concurrent sixty-month sentence on Count 2. For the following reasons, the Court affirms Shearer's sentence.

## I. Background

In 1999, the Bureau of Alcohol Tobacco and Firearms (ATF) arrested Kenneth Shearer for selling display fireworks without a license at his retail fireworks store, All-American Professional Fireworks ("All-American"), which was located in Angola, Indiana. Display fireworks are more dangerous than regular consumer fireworks because they contain more than 130 milligrams of flash powder per tube, meaning that they are susceptible to mass detonation. As we discussed in our previous ruling, display fireworks are so dangerous that if there is an accident in which they are involved, "emergency personnel must evacuate all persons within a half-mile radius of the site." *Id.* at 454. For that reason, ATF closely regulates display fireworks, requiring every dealer to obtain a license, keep thorough records of the amount and type of display fireworks on his or her premises, and label clearly each display firework with the notation "1.3G." ATF also insists that every transporter of display fireworks swear under penalty of perjury that he or she is acting on behalf of a licensed dealer.

ATF's investigation into Shearer's illegal fireworks sales revealed that he recruited at least nine people to assist him with his crimes. Six All-American employees, two of them minors, placed false "1.4G" labels on boxes containing display fireworks; Robert Bombka allowed Shearer to use his ATF permit to purchase display fireworks from Wolverine Fireworks in Michigan; Nelson Shearer, the defendant's brother, posed as Bombka's employee and transported display fireworks from Island Fireworks (also in Michigan) to All-American; and Charles Stearns allowed

Shearer to store display fireworks in his rented storage unit. The investigation also uncovered business records indicating that Shearer purchased over 12,000 pounds of display fireworks in June 1999.

On June 20, 2002, a jury convicted Shearer of four counts of illegal distribution, labeling, and receipt of commercial fireworks. On November 10, 2003, the district court held a sentencing hearing. When calculating Shearer's applicable guidelines range, the district court found that the appropriate base offense level was 12. It then applied a five-level enhancement because the offense involved more than 1,000 pounds of explosives, U.S.S.G. § 2K1.3, a four-level enhancement for Shearer's role as a leader/organizer, *id.* § 3B1.1, a two-level enhancement for use of a minor, *id.* § 3B1.4, and a two-level enhancement for obstruction of justice. *Id.* § 3C1.1. Because Shearer's criminal history category was III, the district court found that the corresponding guidelines range was 70-87 months. The court then sentenced him to eighty and sixty-month concurrent sentences. On August 12, 2004, we affirmed Shearer's conviction but remanded the case for resentencing in light of *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). On remand, the district court sentenced Shearer to seventy and sixty-month concurrent sentences. He now appeals the district court's calculation of his guidelines range and the reasonableness of his sentence.

## II.  Analysis

When examining a district court's sentencing determination, the Court reviews "factual findings . . . for clear error and the application of those facts to the Sentencing Guidelines *de novo.*" *United States v. Haddad*, 462 F.3d 783, 793 (7th Cir. 2006).

## A. Enhancement Under U.S.S.G. § 2K1.3

Shearer argues that the district court erroneously concluded that fireworks are "explosives" under U.S.S.G. § 2K1.3. Application Note 1 of § 2K1.3 adopts the definition of "explosives" found in 18 U.S.C. § 844(j), which says that explosives are

> gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders . . . or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

The district court, citing Dr. John Conkling's expert testimony, found that display fireworks are "extremely volatile devices capable of mass destruction, aside from their intended use as fireworks." *United States v. Shearer*, 302 F. Supp. 2d 884, 892 (N.D. Ind. 2003). It also found that the fireworks contained "fuses, powders, and other detonating agents." *Id.* In light of Dr. Conkling's testimony, the district court correctly concluded that fireworks are explosives for purposes of § 2K1.3.

Shearer next argues that the district court clearly erred by increasing his sentence five levels for possessing more than 1,000 pounds of explosives. *See* U.S.S.G. § 2K1.3(b). Application Note 5 of § 2K1.3 instructs a district court how to calculate the weight of explosives under this enhancement:

> For purposes of calculating the weight of explosive materials under subsection (b)(1), include only the weight of the actual explosive material and the weight of packaging material that is necessary for the use or detonation of the explosives. Exclude the

weight of any other shipping or packaging materials. For example, the paper and fuse on a stick of dynamite would be included; the box that the dynamite was shipped in would not be included.

The district court found that Shearer possessed over 1,000 pounds of explosives after hearing testimony from Consumer Product Safety Commission Investigator Dennis Blasius, who stated that he examined the bills of lading and invoices discovered during an ATF search of Shearer's retail store. Blasius testified that those documents revealed that Shearer, in a two-week period in June 1999, purchased illegal fireworks that weighed 11,000 pounds after accounting for unnecessary packaging material.

Shearer acknowledged at oral argument that he faced an uphill battle in attempting to slash Blasius's calculation by over 10,000 pounds. Nevertheless, he argues that the district court ignored the findings of his expert, Dr. Rebecca Henry, who wrote a letter stating that the fireworks contained thirty-eight percent pyrotechnic material by weight. Dr. Henry's opinion is unhelpful to Shearer for at least two reasons. First, thirty-eight percent of 11,000 pounds well-exceeds the 1,000 pound threshold, and, second, Dr. Henry's opinion does not account for the weight of the packaging material that was necessary for the fireworks' use or detonation. Shearer makes other dubious arguments concerning the weight of the explosives, but those arguments also ignore the weight of the necessary packaging material. As a result, the district court did not clearly err by enhancing Shearer's sentence under § 2K1.3.

## B.  Role in the Offense

Shearer next contends that the government offered insufficient evidence to support his sentencing enhance-

ments under Chapter Three, Part B of the Sentencing Guidelines for his role in the offense. Shearer maintains that the use of a minor enhancement under § 3B1.4 was improper because the government offered no evidence that the minors knew they were aiding a crime. This argument has no merit. A § 3B1.4 enhancement is proper regardless of whether the minor knew that he was assisting the defendant perform illegal activity. *See United States v. Anderson*, 259 F.3d 853, 864 (7th Cir. 2001).

Shearer also disputes his enhancement under § 3B1.1, which requires a four-level increase if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." A "participant" is someone "who gives knowing aid in some part of the criminal enterprise," *United States v. Hall*, 101 F.3d 1174, 1178 (7th Cir. 1996), and criminal activity is "otherwise extensive" if it involves some combination of participants and unknowing outsiders totaling more than five. *See United States v. Tai*, 41 F.3d 1170, 1174-75 (7th Cir. 1994) ("If a district court intends to rely solely upon the involvement of a given number of individuals to support a determination that criminal activity is 'otherwise extensive,' it must point to some combination of participants and outsiders equaling a number greater than five."); *United States v. Miller*, 962 F.2d 739, 745 (7th Cir. 1992). *See also* U.S.S.G. § 3B1.1 cmt. n.3 ("In assessing whether an organization is 'otherwise extensive,' all persons involved during the course of the entire offense are to be considered. Thus, a fraud that involved only three participants but used the unknowing services of many outsiders could be considered extensive.").

In this case, the government offered reliable evidence that Shearer's scheme involved at least two knowing participants and more than four outsiders. Robert Bombka testified that he allowed Shearer to use his ATF license, even though he knew that it was not transferable. Tyler

Baughman testified that Shearer told him that he should re-label boxes with 1.4G labels so that "they could store them and not worry about getting raided or arrested." June 19, 2002 Tr. at 44. He also said that he knew that fireworks with 1.4G labels were legal, while fireworks with 1.3G labels were illegal. Additional evidence indicated that at least seven other individuals, perhaps unknowingly, helped Shearer relabel, purchase, and store illegal fireworks. Given this evidence, the district court did not clearly err in finding that the criminal enterprise was otherwise extensive.

## C. Double Counting

Shearer next argues that the district court's enhancements for use of a minor and acting as a leader or organizer constituted impermissible double counting, which occurs when "identical conduct justifies two upward adjustments under the Guidelines." *United States v. Beith*, 407 F.3d 881, 888 (7th Cir. 2005). This Court has made clear that a district court does not engage in double counting when it imposes enhancements that involve overlapping, but not identical, conduct. *United States v. Arnault*, 431 F.3d 994, 1000 (7th Cir. 2005).

In *Arnoult*, the defendant, with the help of others, used donations to a charity the defendant operated to fund violence overseas. The district court refused to enhance the defendant's sentence for his abuse of a position of trust, concluding that it would result in impermissible double counting, given two other enhancements for acting as a leader or organizer and making fraudulent representations while acting on behalf of a charity. We reversed the district court's ruling and said that "the abuse of trust enhancement could account for behavior separate from [the defendant's] fraudulent misrepresentations while acting on behalf of a charitable activity and

separate from his role as leader or organizer of a criminal activity." *Id*; *see also United States v. Hankton*, 432 F.3d 779, 795-96 (7th Cir. 2005) (holding that no double counting occurred when the defendant, a leader of a street gang, received enhancements for being a leader/organizer and distributing more than 500 grams of cocaine).

By contrast, in *United States v. Kopshever*, 6 F.3d 1218, 1224 (7th Cir. 1993), we held that a district court's impermissibly double counted when it enhanced a defendant's sentence because the offense, defrauding elderly women of their life savings, involved vulnerable victims and an unusually serious psychological injury. The two enhancements were premised on the same conduct because the vulnerability of the victims contributed to the serious nature of the psychological injury, so that the two enhancements punished similar harms. *Id.*

In this case, the district court based Shearer's enhancements on different conduct. The leader/organizer enhancement would have applied regardless of his co-conspirators' age, and the use of a minor enhancement would have applied regardless of whether Shearer's crime was otherwise extensive. Additionally, the enhancements punished very different harms: the § 3B1.1 enhancement punished the large-scale nature of Shearer's operation, and the § 3B1.4 enhancement punished his involvement of minors in a criminal enterprise. Consequently, the district court did not engage in impermissible double counting.

### D. Obstruction of Justice

Shearer next argues that the district court erred by enhancing his sentence under U.S.S.G. § 3C1.1 for providing false testimony. To establish eligibility for this enhancement, the government must prove by a preponderance of the evidence that the defendant's false testimony

was "willful and made with the intent to interfere with the proceeding and affect the outcome." *United States v. Miller*, 159 F.3d 1106, 1112 (7th Cir. 1998); *United States v. Ewing*, 129 F.3d 430, 434 (7th Cir. 1997). We review the district court's factual finding that Shearer lied for clear error. *See United States v. Gonzalez*, 319 F.3d 291, 300 (7th Cir. 2003).

Though at trial Shearer maintained that he did not purchase fireworks from Island Fireworks, Bombka and Nelson Shearer testified that they helped him buy fireworks from that store. Additionally, though Shearer testified that he did not sell display fireworks in 1999, an undercover agent bought display fireworks from All-American during that time, and numerous employees testified that Shearer tampered with fireworks' labels to avoid detection. The contradictory and more credible testimony of Shearer's co-conspirators was sufficient to support the district court's finding of perjury. *See United States v. Dominguez*, 992 F.3d 678, 685 (7th Cir. 1993) (holding that a district court did not clearly err by imposing an enhancement for obstruction of justice where the defendant's testimony contradicted three other witnesses' testimony). As a result, the district court properly enhanced Shearer's sentence for obstruction of justice.[1]

---

[1] Shearer also argues that the district court erred by denying him a reduction for acceptance of responsibility, but that reduction would have been improper given Shearer's enhancement for obstruction of justice. *See* U.S.S.G. § 3E1.1 cmt. n.4 ("Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.").

### E.  Reasonableness

Lastly, Shearer attempts to contest the reasonableness of his sentence, arguing, in conclusory fashion, that the sentencing factors outlined in 18 U.S.C. § 3553(a) favor a sentence below the applicable guidelines range. The Court rejects this argument. The district court laid out its reasons for Shearer's sentence in a comprehensive ruling and noted that a guidelines sentence was appropriate given Shearer's repeated disrespect for the law (he has two prior felony convictions, and he lied under oath). It also noted the dangerous nature of Shearer's criminal enterprise and the reprehensibility of involving minors in such activity. The district court's sentence was reasonable.

## III.  Conclusion

The Court AFFIRMS the district court's sentence.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*