NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 25, 2007[*]
Decided July 25, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-3887

| | |
|---|---|
| PLAZE E. ANDERSON,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>UNITED STATES OF AMERICA,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 04-C-267<br><br>Rudolph T. Randa,<br>*Chief Judge.* |

**O R D E R**

Plaze Anderson was convicted of conspiracy to distribute crack cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to life imprisonment. After his conviction and sentence were affirmed on direct appeal, *United States v. Anderson*, 303 F.3d 847 (7th Cir. 2002), he filed a motion for collateral relief pursuant to 28 U.S.C. § 2255, which was denied. The district court granted a certificate of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

appealability on one claim only.  Anderson requests that we expand that certificate to include additional claims, but we already have declined to expand the certificate of appealability.  *See Anderson v. United States*, No. 06-3887 (7th Cir. Mar. 28, 2007).  We affirm the denial of Anderson's § 2255 motion.

Anderson's initial § 2255 motion, which was filed in March 2004, included the single claim that trial counsel was ineffective because he failed to raise available defenses, object to improper remarks by the prosecutor during closing argument, or object to the sentencing court's calculation of the quantity of crack cocaine involved in the offense.  Anderson filed a motion to amend, which was granted, adding a claim that the sentencing court erred by calculating his offense level under the sentencing guidelines based on facts that were not decided by the jury.  Anderson then filed two more motions to amend, one that would add a claim based on *Blakely v. Washington*, 542 U.S. 296 (2004), and the other to expand the ineffective-assistance claim to include the additional theory that appellate counsel was deficient for not raising on direct appeal a claim based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

In a single decision the district court denied all relief.  The court refused Anderson's request to add a claim based on *Blakely* because that decision already was encompassed by the amendment the court had permitted.  The court also refused Anderson's request to expand his ineffective-assistance claim to include appellate counsel.  Finally, the court denied the § 2255 motion, reasoning that trial counsel had a strategic reason for not asserting certain defenses and that counsel's failure to object to the prosecutor's improper remarks at closing did not prejudice Anderson in light of the overwhelming evidence of his guilt.  The remaining claims concerning sentencing were foreclosed, the court concluded, because *Booker* did not apply retroactively.  Anderson filed a request for a certificate of appealability, which the district court granted only as to the claim of ineffective assistance of trial counsel.

Anderson asserts that the district court erred by denying his claim of ineffective assistance of trial counsel.  When a district court denies a § 2255 motion, we review fact findings for clear error and issues of law de novo.  *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006).  The framework for assessing claims of ineffective assistance is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, the defendant must prove: (1) that counsel's performance fell below "an objective standard of reasonableness," *id.* at 688, and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.  Our review of the first prong is highly deferential and places the burden on the defendant to overcome the strong presumption that the challenged action by counsel was sound trial strategy.  *See id.* at 689.  To satisfy the second prong, the defendant must show that counsel's errors

"were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Anderson first argues that his attorney was ineffective for failing to object to improper statements by the prosecutor during closing arguments. We considered these statements in detail on direct appeal in the context of Anderson's prosecutorial misconduct argument. *See Anderson*, 303 F.3d at 854-58. We observed that one comment was improper and others collectively may have neared or crossed the line. *Id.* at 856. But, we concluded, there was no reason to believe the outcome of the trial would have been any different absent the comments because of the tenor of the closing argument as a whole, the instructions to the jury that closing arguments are not evidence, and the "overwhelming" evidence of Anderson's guilt. *Id.* at 857. Accordingly, Anderson cannot satisfy the second prong of *Strickland* which requires him to demonstrate that he was prejudiced.

Anderson next argues that his counsel was ineffective for failing to object under *Apprendi* to the imposition of a sentence that exceeds the default statutory maximum of 20 years for cocaine offenses, *see* 21 U.S.C. § 841(b)(1)(C), based on a factual question (the quantity of drugs) that was not decided by the jury. But Anderson's premise is false. The fact that he conspired to distribute 50 grams or more of crack cocaine was alleged in the indictment, proven at trial, and set forth in the jury's verdict, and thus the district court complied with the requirements of *Apprendi*. Accordingly, Anderson's attorney was not deficient for failing to object to his life sentence under *Apprendi*.

Finally, Anderson argues that his counsel was deficient for failing to object to an upward adjustment under U.S.S.G. § 3C1.1 for obstruction of justice. Anderson never raised this argument in the district court, and it is debatable whether he can raise it now. *Cf. Stevens v. McBride,* No. 05-1442, 2007 WL 1732539, at *8 (7th Cir. June 18, 2007) (holding that § 2254 petitioners must exhaust in state court "the operative facts and the legal principles" governing each theory of ineffective assistance). In any event, in his trial testimony Anderson denied having any relationship with multiple individuals who testified that they participated with him in the drug conspiracy, despite phone records showing that he made hundreds of calls to those individuals over a short period of time. *See Anderson*, 303 F.3d at 857. This evidence alone provided a sufficient basis for the district court to find by a preponderance of the evidence that Anderson had obstructed justice by lying under oath. *See United States v. Shearer*, 479 F.3d 478, 484-85 (7th Cir. 2007). Thus his attorney was not ineffective for failing to object to the upward adjustment.

Accordingly, Anderson's implied motion to expand the certificate of appealability is DENIED, and the denial of his § 2255 motion is AFFIRMED.