NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 23, 2008
Decided June 13, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3548

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 05-CR-159 |
| CHRISTIAN ARANGURE-GUZMAN, *Defendant-Appellant*. | Charles N. Clevert, Jr. *Judge.* |

**O R D E R**

A grand jury indicted Christian Arangure-Guzman for conspiring to distribute 100 kilograms or more of marijuana. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). Before trial, he moved to suppress incriminating statements that he made to officers at the time of his arrest and the search of his home, arguing that they never gave him *Miranda* warnings. The magistrate judge, after a suppression hearing, found that the police had indeed read him his rights, and that Arangure-Guzman's testimony that he had not received his rights was not credible. After the ruling, Arangure-Guzman entered a plea of guilty. At sentencing, Arangure-Guzman did not dispute that the district court's finding that he had given false testimony during the suppression hearing warranted an enhancement for obstruction of

justice, but he objected when the district court refused to give him a reduction for acceptance of responsibility. The district court sentenced him to 63 months of imprisonment. Arangure-Guzman appeals, arguing that the court committed clear error when it refused to give him a reduction for acceptance of responsibility. We affirm because there is no clear error in denying the reduction.

In 2004 and 2005 Arangure-Guzman stored large amounts of cash in his Milwaukee home given to him by a marijuana distributor in San Diego. Each time the distributor came to Milwaukee, he gave Arangure-Guzman between $40,000 and $50,000 in cash from drug sales, and at the distributor's direction, Arangure-Guzman deposited the cash in local banks in increments of less than $10,000. On June 7, 2005, after federal agents received consent from Arangure-Guzman's father to search the Milwaukee residence that he shared with his son, the police seized $42,000 in cash. During the search, Arangure-Guzman provided a statement to the agents acknowledging his role in depositing funds as part of the drug conspiracy.

Following his indictment, Arangure-Guzman moved to suppress that inculpatory statement and the cash seized. At the suppression hearing, Arangure-Guzman testified that he had not received his *Miranda* warnings and that neither he nor his father consented to the search of their home. His testimony was contradicted by the testimony of three DEA agents: Jill Ceren, Jeremy Nissen, and Jeffery Stillings. Agent Ceren testified that both Arangure-Guzman and his father consented to the agents' search and that she informed Arangure-Guzman of his *Miranda* rights. Stillings similarly testified that Arangure-Guzman's father consented to the search. Nissen testified that he observed Arangure-Guzman's father make a hand motion inviting him into the house after Ceren and Stillings obtained his consent to search. Nissen also testified that he was present when Ceren informed Arangure-Guzman of his rights.

The magistrate judge found that Arangure-Guzman's father had consented to the search and that Arangure-Guzman had in fact received his *Miranda* warnings. The magistrate judge also made a specific finding that the officers' testimony that Arangure-Guzman had received his *Miranda* warnings was "more credible" than Arangure-Guzman's denial. The magistrate judge also recommended that the trial judge deny the suppression motion.

The district court judge complied and after the motion was denied, Arangure-Guzman pleaded guilty. The probation officer recommended a 2-level increase for obstruction of justice based on the finding that Arangure-Guzman's testimony was indeed false. *See* U.S.S.G. § 3C1.1 & n. 4(f). Although Arangure-Guzman did not object to that upward adjustment, he argued that he was entitled to a 2-level downward adjustment for

acceptance of responsibility even though he had testified falsely, *see* U.S.S.G. § 3E1.1, because he had pleaded guilty and never actively denied his role in the charged offenses.

The sentencing judge denied Arangure-Guzman's request for the reduction and applied the 2-level enhancement for obstruction. The court explained that Arangure-Guzman belatedly accepted responsibility with his plea in hopes of trying to "salvage something in this case." The court added that a defendant who obstructs justice is presumed to have failed to accept responsibility, and furthermore that the defendant failed to rebut that presumption. With a base offense level of 26, a 2-level adjustment for obstruction of justice, *see* U.S.S.G. § 3C1.1, and an offsetting 2-level reduction in offense level for participating in a "safety-valve debriefing," *see* 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2, the court calculated a total offense level of 26. Applying the total offense level against Arangure-Guzman's criminal history category of I, the court calculated a guidelines imprisonment range of 63 to 78 months. The court sentenced him to the bottom end of the guideline range, 63 months' imprisonment.

On appeal Arangure-Guzman argues that he is entitled to an adjustment for acceptance of responsibility because he never challenged the "voluntariness or veracity" of the statement that he tried to suppress and furthermore he never denied his role in the offense. We review a district court's acceptance-of-responsibility finding for clear error, *United States v. Otero*, 495 F.3d 393, 400 (7th Cir. 2007), and give great deference to the sentencing judge. *United States v. Gilbertson*, 435 F.3d 790, 798-99 (7th Cir. 2006) ("The sentencing judge 'is in a unique position to evaluate a defendant's acceptance of responsibility.'" (citing U.S.S.G. § 3E1.1, cmt. n.5)); *see also United States v. Heubner*, 356 F.3d 807, 812 (7th Cir. 2004) ("We afford this deference to the trial judge insofar as he has the best opportunity to observe the verbal and nonverbal behavior of the witnesses focusing on the subject's reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture, and body movements, as well as confused or nervous speech patterns in contrast with merely looking at the cold pages of an appellate record") (internal quotation marks omitted and emphasis removed). The burden is on the defendant to show he is entitled to a reduction under § 3E1.1. *United State v. Gage*, 183 F.3d 711, 717 (7th Cir. 1999).

Under the guidelines, a defendant is allowed a two-level decrease "if the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. Although a court may give both an acceptance-of-responsibility reduction under section 3E.1.1 and an increase under section 3C1.1 for obstructing justice, *see, e.g., United States v. Araout*, 431 F.3d 994, 998 (7th Cir. 2005), "[c]onduct resulting in an adjustment under § 3C1.1 [for obstructing justice] . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," § 3E1.1, cmt. n.4. Only in "extraordinary

cases" should a court make adjustments under both sections of the guidelines. § 3E1.1, cmt. n.4; *see also United States v. Shearer*, 479 F.3d 478, 485 n.1 (7th Cir. 2007) (noting that reduction for acceptance of responsibility would generally be "improper" when the defendant received an enhancement for obstruction of justice).

Arangure-Guzman argues that his case is "extraordinary" because when he falsely stated that he did not receive his *Miranda* warnings, he was not refusing to accept responsibility for his crime; rather, he was merely asserting a non-frivolous, technical defense to his crime. Relying on *United States v. Purchess*, 107 F.3d 1261, 1266-67 (7th Cir. 1997), Arangure-Guzman contends that he may do so without jeopardizing his eligibility for a 2-level decrease for acceptance of responsibility. But *Purchess* merely permits a defendant to challenge "a legal conclusion drawn from facts the defendant admits." *Id.* at 1267. A defendant's *denial* of historical fact is different because the defendant himself knows whether his denial is false. A defendant who seeks to avoid conviction by falsely testifying that he did not receive *Miranda* warnings is not accepting responsibility for his acts. He is trying to evade responsibility.

Based on the great amount of deference granted to the district court, we rarely reverse a district court's refusal to award acceptance-of-responsibility points, even when we have *not* found obstruction of justice. The rare reversal usually occurs only when the district court made a flawed legal ruling or factual finding independent of the defendant's testimony. *See, e.g., United States v. Eschman*, 227 F.3d 886, 891-92 (7th Cir. 2000) (remanded where district court denied defendant acceptance-of-responsibility points based on erroneous calculation of drug quantity); *United States v. Chevalier*, 1 F.3d 581, 588-89 (7th Cir. 1993) (remanded where district court had not considered defendant's voluntary restitution payments when considering acceptance of responsibility).

What is more, where a defendant has received a proper enhancement for obstruction of justice, as here, we have never reversed a district court's refusal to deny acceptance of responsibility. *See, e.g., United State v. Boyle*, 484 F.3d 943, 944 (7th Cir. 2007); *United States v. Warren*, 454 F.3d 752, 763 (7th Cir. 2006); *United State v. Davis*, 442 F.3d 1003, 1009 (7th Cir. 2006). From our research, we are aware of only once case where we have reversed a denial of acceptance of responsibility even though the district court had enhanced the guideline calculation for obstruction of justice, but that was because we reversed the obstruction finding on appeal. *See United States v. Carroll*, 346 F.3d 744, 750 (7th Cir. 2003). In *Carroll*, because the district court had improperly found obstruction of justice, we explained that "without the anchor of a valid obstruction of justice finding, the [district] court's alternative reasons for finding that the defendant did not accept responsibility simply do not withstand the swell of cooperation [the defendant] provided in good faith to the United States during the proffer sessions." *Id.*

Here, we have the "anchor" of a valid obstruction of justice finding to justify the district court's refusal to grant a reduction under section 3E1.1. Furthermore, not only did the district court find that Arangure-Guzman falsely testified during his suppression hearing, it also determined that he had waited until the last minute to plead guilty and cooperated with the government only to "salvage" his case. Such a reason for delaying a plea of guilty casts serious doubt on whether Arangure-Guzman has the "sincere remorse" essential to accepting responsibility. *United States v. Hammick*, 36 F.3d 594, 600 (7th Cir. 1994).

Because the district court did not clearly err in refusing to grant a reduction for acceptance of responsibility, we AFFIRM the judgment.