**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2011
Decided December 20, 2011

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 11-2291 | |
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | |
| | No. 2:10CR00010-001 |
| SERGIO MELO-SANTIAGO, <br>     *Defendant-Appellant.* | William T. Lawrence, Jr., *Judge.* |

**O R D E R**

While federal inmate Sergio Melo-Santiago, a Mexican citizen, was incarcerated in Terre Haute, Indiana, a prison guard discovered him in possession of a seven-inch wire that was sharpened at both ends and concealed inside a pen. He was convicted after a jury trial of possessing a prohibited object as an inmate, *see* 18 U.S.C. § 1791(a)(2), and the district court sentenced him to 36 months' imprisonment. Melo-Santiago filed a notice of appeal, but his appointed lawyer has concluded that the case is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Melo-Santiago has not responded to his attorney's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

The indictment alleges that the object found at Terre Haute in November 2009 "was a weapon or was designed or intended to be used as a weapon." Prior to trial the government notified Melo-Santiago of its intention to present evidence that he had used a similar metal object to stab an inmate at another facility in 2007. Melo-Santiago moved in limine to exclude that testimony under Federal Rule of Evidence 404(b). He explained that his defense at trial likely would be that he used the wire discovered at Terre Haute as a cobbler's awl to repair inmates' shoes. The 2007 events, he conceded, would be relevant to the issue of intent, but that incident, he argued, was too remote in time and also unduly prejudicial. The district court concluded that the proposed Rule 404(b) evidence was relevant and admissible to establish Melo-Santiago's intent to use the wire as a weapon.

Three prison guards testified at Melo-Santiago's trial. One Terre Haute guard explained that he discovered the sharpened wire inside a pen after Melo-Santiago had set off a metal detector. Another guard testified that this type of object is one of "the most used weapons" at that facility, and that inmates often craft them from wire removed from fences. The third guard, from the medium-security prison in Coleman, Florida, where Melo-Santiago previously had been incarcerated, testified that a video camera had captured footage of Melo-Santiago stabbing another inmate with an object that he afterward threw in the trash. The recovered object, the guard said, was a seven-inch "shank" nearly identical to the object confiscated in Terre Haute. No charges were filed in Florida because the victim had refused to cooperate. Before this testimony was elicited, the district court had cautioned jurors that they should consider it only for the limited purpose of assessing Melo-Santiago's motive, intent, plan, or absence of mistake or accident. Another cautionary instruction was included in the jury charge.

Two inmates from Terre Haute testified for the defense, and each recounted that Melo-Santiago had fixed a pair of shoes for him in prison. Melo-Santiago also testified. He admitted possessing the object at Terre Haute and explained that he had fashioned it by sharpening both ends of a length of fence wire. He repaired inmates' shoes "all the time," he continued, by using the wire to punch holes when stitching shoe leather. Melo-Santiago, whose testimony through an interpreter was frequently interrupted by the prosecutor, acknowledged knowing he was prohibited from carrying sharp objects but insisted that he used the wire only for shoe repair. He conceded on cross-examination, however, that he knew the object would be confiscated if found because it was a weapon. When questioned by his lawyer about the metal object recovered in 2007, Melo-Santiago admitted having it but said that it was found, not in the trash, but in his locker where he kept it openly.

The jury, while deliberating, requested a transcript of Melo-Santiago's testimony. His lawyer asked that the court reporter prepare a transcript, but the district court instructed the jurors that a transcript was unavailable and that they should work from memory.

In his *Anders* submission, counsel first considers challenging the sufficiency of the evidence supporting Melo-Santiago's conviction. We would evaluate, viewing the evidence in the light most favorable to the government, whether a rational jury could have found Melo-Santiago guilty of the offense beyond a reasonable doubt. *See United States v. Anderson*, 580 F.3d 639, 646 (7th Cir. 2009). Section 1791(a)(2) makes it a crime for a prison inmate to make, possess, or obtain a "prohibited object," or attempt to do so. Subsection (d) of the statute defines "prohibited object" to include weapons and objects "designed or intended to be used as a weapon." 18 U.S.C. § 1791(a)(2), (d)(1)(B).[1] The jury was instructed that to convict Melo-Santiago under § 1791(a)(2), the government had to prove that, while an inmate, he knowingly possessed "a prohibited object; that is, a weapon or an object that is designed or intended to be used as a weapon." As his lawyer explains, Melo-Santiago admitted at trial that he was carrying the prohibited wire but insisted that he possessed it only for use as a cobbler's awl. But the government presented testimony that objects like the one Melo-Santiago possessed at Terre Haute are commonly used as weapons in prison and that, in fact, he had used a sharpened wire to stab an inmate at another facility. And Melo-Santiago himself acknowledged on cross-examination that he knew prison authorities deemed sharpened wires to be weapons. The jury was entitled to credit the testimony of the guards over Melo-Santiago and infer that he made and intended to use the metal object as a weapon. *Anderson*, 580 F.3d at 646; *United States v. Kelly*, 519 F.3d 355, 362 (7th Cir. 2008); *United States v. Copus*, 93 F.3d 269, 273 (7th Cir. 1996); *United States v. Holmes*, 607 F.3d 332, 335 (3d Cir. 2010). Accordingly, we would conclude that sufficient evidence supports the jury's verdict.

Counsel next proposes to argue that the district court erred in admitting the guard's testimony that two years earlier Melo-Santiago had used a nearly identical metal object as a weapon in Florida. As defense counsel conceded even at trial, that testimony was relevant,

---

[1] Other prohibited objects include guns, drugs, currency, phones, and anything "that threatens the order, discipline, or security of a prison, or the life, health, or safety of an individual." 18 U.S.C. § 1791(d)(1)(A)–(G). The possible punishment turns on the nature of the prohibited object. This court has not yet decided conclusively whether the type of prohibited object is a sentencing factor or an element of the offense that the government must prove beyond a reasonable doubt. But it was the prosecutor who submitted the instruction identifying the type of object as an element of the offense, and the government thus is bound by that understanding of the statutory elements. *See United States v. Staples*, 435 F.3d 860, 866 (8th Cir. 2005); *United States v. Williams*, 376 F.3d 1048, 1051–52 (10th Cir. 2004); *United States v. Zanghi*, 189 F.3d 71, 79 (1st Cir. 1999); *United States v. Jokel*, 969 F.2d 132, 136 (5th Cir. 1992); 18B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.6 (2d ed. 2002).

not as propensity evidence, but to rebut Melo-Santiago's assertion that he intended to use the wire only as an awl. *See United States v. Harris*, 587 F.3d 861, 865 (7th Cir. 2009); *United States v. Burt*, 495 F.3d 733, 742 (7th Cir. 2007); *United States v. Shearer*, 379 F.3d 453, 456 (7th Cir. 2004). The prior incident was not too remote in time given its similarity to the charged offense, *United States v. Moore*, 641 F.3d 812, 824 (7th Cir. 2011); *Harris*, 587 F.3d at 865, and the court minimized any prejudicial effect of the evidence by twice instructing the jury to consider the guard's testimony only for the limited purpose of evaluating Melo-Santiago's motive, intent, knowledge, or absence of mistake or accident, *see United States v. Zahursky*, 580 F.3d 515, 545 (7th Cir. 2009); *Moore*, 641 F.3d at 824. Thus, we agree with counsel that challenging the district judge's exercise of discretion in admitting the testimony would be frivolous.

Counsel also questions whether Melo-Santiago could argue that the district court abused its discretion by declining the jury's request for a transcript of his testimony. That testimony, though muddied by the prosecutor's apparent difficulty adapting to the use of an interpreter, plainly established Melo-Santiago's straightforward theory of defense. And counsel has not disputed the court's explanation at trial that a copy of the testimony was not readily available. *See United States v. White*, 582 F.3d 787, 805 (7th Cir. 2009); *United States v. Rodriguez*, 457 F.3d 109, 119–20 (1st Cir. 2006). We agree with counsel that an appellate claim would be frivolous.

Finally, counsel properly concludes that any challenge to the length of Melo-Santiago's prison term would be frivolous. Melo-Santiago was sentenced within his guidelines imprisonment range, and counsel has not identified any basis to challenge the presumption of reasonableness that applies. *See Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Aslan*, 644 F.3d 526, 531–32 (7th Cir. 2011).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.