UNITED STATES of America,
Plaintiff–Appellee,

v.

Reynal URIOSTEGUI–ESTRADA,
Defendant–Appellant.

No. 95–1478.

United States Court of Appeals,
Seventh Circuit.

Argued April 23, 1996.

Decided June 4, 1996.

Brian P. Netols, Alan Grossman (argued), Office of the U.S. Atty., Criminal Division, Chicago, IL, Barry Rand Elden, Chief of Appeals, Office of the U.S. Atty., Criminal

Appellate Division, Chicago, IL, for Plaintiff-Appellee.

Marcia G. Shein, Richard Biggs (argued), Atlanta, GA, for Defendant-Appellant.

Before FLAUM, MANION, and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

A jury convicted Reynal Uriostegui–Estrada of importing heroin into the United States in violation of 21 U.S.C. § 952(a); the court sentenced him to 97 months in prison. In this appeal, Uriostegui–Estrada raises two claims: first, that the evidence adduced at trial was insufficient as a matter of law to prove beyond a reasonable doubt that he knew he was carrying heroin, and second, that in sentencing him, the district court improperly denied him a two point reduction in his offense level for having a minor role in the offense. Because neither of these arguments has merit, we affirm Uriostegui–Estrada's conviction and sentence.

## I.

Uriostegui–Estrada claims that he innocently was duped into carrying heroin from Mexico to the United States. He testified at trial that a man whom he had never before met asked him as a favor to carry a suitcase back to the United States, and that he (the stranger) would retrieve the suitcase in two days. Uriostegui–Estrada says that toward that end, he gave the stranger his address in Chicago. Uriostegui–Estrada denied knowing that the suitcase contained heroin. Thus, he argues, because it had no direct proof that he was aware that the suitcase contained heroin, the government failed as a matter of law to establish his guilt beyond a reasonable doubt.

The evidence introduced at trial showed that Uriostegui Estrada, a Chicago resident, flew to Mexico on June 17, 1994. He had a return ticket for June 19, but changed the date of his return to June 20, 1994. The purported reason for his trip was to deliver a dog to his sister in Mexico City and to visit relatives there.

Uriostegui–Estrada left Mexico late on the evening of June 20 and arrived in Chicago early on the morning of June 21. On his return, he carried two suitcases—a red one and a black one. After passing through Immigration, he went through a Department of Agriculture checkpoint at which his bags were X-rayed. The agent monitoring the X-ray machine noticed dark, rectangular objects inside several shoes in the black suitcase. The agent notified a Customs agent, who asked Uriostegui–Estrada if the suitcase was his; he said it was. The Customs agent then found packets of heroin hidden in false soles of seven shoes in the black suitcase. The heroin weighed 721.7 grams; it had a wholesale value of $125,000 and a street value of $1.1 million.

The black suitcase also contained a receipt from a store in Chicago which is one block away from a house where Uriostegui–Estrada's nephew was staying while in Chicago. His wife testified that when he left for Mexico, he had only the red bag with him, and that the clothes in the black suitcase were not his. Finally, the evidence showed that Uriostegui–Estrada's plane fare cost $405 and that he had $118 in his wallet when he was arrested, although between January and June of 1994, he earned only $1,500.

The trial court instructed the jury that to find the defendant guilty of importing heroin, it had to find:

first, [that] the defendant imported heroin into the United States, and second, [that] the defendant knew the substance was a controlled substance. . . . When the word knowingly is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct and did not act through ignorance, mistake, or accident. Knowledge may be proven by the defendant's conduct and by all the facts and circumstance surrounding the case.

■ In this case, a rational jury could have concluded that the black suitcase belonged to Uriostegui–Estrada. Uriostegui Estrada told the Customs agent that the suitcase was his. As the trier of fact, the jury was entitled to determine whether by this statement, Uriostegui–Estrada was

claiming that he owned the suitcase, or merely that it was in his possession. Moreover, the receipt from the Chicago store suggested a connection between the suitcase and the defendant.

■ Furthermore, even if Uriostegui–Estrada did not own the suitcase, the jury reasonably could have concluded that he was a courier who knew that he was smuggling heroin. A jury is entitled to infer knowledge from circumstantial evidence. *United States v. Tylkowski*, 9 F.3d 1255, 1260 (7th Cir. 1993). The jury could infer from Uriostegui–Estrada's possession of and control over the black suitcase—something he does not deny—that he was aware of its contents. *Id.* at 1260–61. Moreover, the circumstances of Uriostegui–Estrada's trip support the conclusion that he went to Mexico intending to bring drugs back to the United States: he spent an amount equal to nearly one third of his income from the previous six months on plane fare; although he earned only $1,500 in the previous six months, he had more than $100 in cash on him when he was arrested; he flew 3½ hours each way for a trip that originally was scheduled to last only two days.

■ Finally, the jury was entitled to disbelieve Uriostegui–Estrada's explanation that he innocently took the suitcase as a favor for a stranger. The jury reasonably could believe that a drug smuggler would not entrust a cargo worth more than $1 million to a complete stranger who was unaware of its value. *United States v. Herrera*, 931 F.2d 761, 763 (11th Cir.1991), *cert. denied,* 503 U.S. 972, 112 S.Ct. 1588, 118 L.Ed.2d 306 (1992). Once the jury concluded that Uriostegui–Estrada had no plausible explanation for how he innocently came to possess $1 million worth of heroin, it was entitled to conclude that he knew he was carrying drugs. *United States v. Woody*, 55 F.3d 1257, 1265 (7th Cir.1995), *cert. denied,* — U.S. ——, 116 S.Ct. 234, 133 L.Ed.2d 163 (1995).

■ In this appeal, Uriostegui–Estrada re-argues the points that he made at trial: that the suitcase was not "his" (in the sense that he did not own it), that he did not try to

flee when the Customs agent searched his suitcase, and that he did not try to mask the heroin's odor. These arguments are irrelevant: the issue on appeal is not whether there was some evidence to support Uriostegui–Estrada's claim of innocence, but rather, whether there was any evidence from which a jury reasonably could have inferred that he knew he was carrying heroin. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Because a rational jury could have concluded from the evidence presented that Uriostegui–Estrada had such knowledge, we reject his insufficiency of the evidence claim.

## II.

Uriostegui–Estrada's second claim on appeal is that the district court clearly erred by denying him a two point reduction in his offense level under U.S.S.G. § 3B1.2(b) for having only a minor role in the offense. The commentary explains that this section applies to "any participant who is less culpable than most other participants...." U.S.S.G. § 3B1.2, comment. (n.3). Uriostegui–Estrada argues that because this is his first offense and because others must have been involved in this crime, his role necessarily was minor and he therefore deserved the two point reduction.

■ Uriostegui–Estrada's argument that this was his first offense is irrelevant: that argument applies to his criminal history category, rather than to his offense level. The district court correctly determined his criminal history category to be Category I.

■ As to his claim that he must have been a minor participant in a larger scheme, the only evidence that there were any other participants in this offense was Uriostegui–Estrada's testimony, which the jury explicitly discredited. There was no evidence before the court as to the relative roles of any other participant in this drug smuggling scheme. Moreover, "we have consistently rejected the argument that a [drug] courier is necessarily entitled to a reduction under § 3B1.2 for being a minor participant." *Nichols v. United States*, 75 F.3d 1137, 1142 (7th Cir.1996). Couriers, this court has noted, play an inte-

gral role in any drug distribution scheme. · *Id.*

Finally, and most importantly, Uriostegui–Estrada was not sentenced as a participant in a larger enterprise as to which he might have been a minor participant; rather, he was sentenced only for the amount of drugs he personally carried. "When a courier is held accountable for only the amount [of drugs] he carries, he plays a significant rather than a minor role in that offense." *United States v. Burnett,* 66 F.3d 137, 140 (7th Cir. 1995). Thus, there is no merit to Uriostegui–Estrada's argument that the district court clearly erred by denying him a two point reduction under § 3B1.2, and we reject this claim as well.

AFFIRMED.