**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael T. McCAFFREY, Defendant–Appellant.**

No. 98–2504.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 1, 1998.

Decided June 24, 1999.

Helene B. Greenwald (argued), Office of the United States Attorney, Criminal Division, Chicago, IL, for Plaintiff–Appellee.

Gregory A. Bedell (argued), Collins & Bargione, Chicago, IL, for Defendant–Appellant.

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

DIANE P. WOOD, Circuit Judge.

Michael McCaffrey makes his living computing and filing income tax returns for others as a tax accountant, but he was not so industrious when it came to his own tax responsibilities. McCaffrey was convicted of four counts of willful failure to file his tax returns, in violation of 26 U.S.C. § 7203. McCaffrey now urges us to conclude his failure was not willful and reverse his conviction; he also presses an objection to an evidentiary ruling. Because there is enough evidence to support the court's finding that he acted willfully and because the court did not err in admitting the contested evidence, we affirm.

I

McCaffrey suffers from a neurological disorder as a result of contracting encephalitis in 1961 while he was a student at Notre Dame University. This disorder causes him to sleep for all but four hours each day. McCaffrey also suffers from chronic depression as a result of his disability.

Still, McCaffrey has not been wholly debilitated. Since earning his degree in business administration and accounting in 1966, he has worked as an accountant, first rising to the level of senior accountant at the accounting firm of Haskins & Sells, then leaving to go into business for himself. As a sole practitioner, McCaffrey has prepared personal, corporate, and employment-related tax returns and reports for his clients. He has maintained an Illinois accounting license, which has required him to complete 40 hours of continuing education each year. His personal life has been as robust as his professional life: McCaffrey has married and raised three children, and he has successfully pursued a second-degree blackbelt in one of the martial arts. Throughout the years, he has remained financially secure and has consistently paid his mortgage and his bills on time.

In the beginning, McCaffrey also filed his tax returns on time. But he did not file his and his wife Sharon's joint personal income tax returns for the tax years 1980 through 1992. Only when, in early 1994, one of his clients (who is also a relative) told him that the IRS had recently visited him and revealed that McCaffrey was under investigation did McCaffrey act: a mere eight days later he filed all 13 delinquent federal returns. A few months later, he filed his 13 delinquent state returns for the same years.

On July 30, 1996, McCaffrey was charged with four counts of willful failure to file his federal tax returns for the years 1989 through 1992 (the statute of limitations barred criminal penalties for the remaining years). He consented to a trial before United States Magistrate Judge Arlander Keys. In a two-day bench trial held April 21 and 22, 1997, the government offered evidence of the facts recited above. In defense, McCaffrey called two expert witnesses to testify to his neurological condition and mental state. Dr. Jean Tracy, a personal friend who began treating McCaffrey for depression in October 1994, opined that McCaffrey's chronic depression could have detrimentally affected his ability to file his taxes. The second expert, Dr. John Collins, testified about the severity of McCaffrey's sleep disorder, but concluded that the disorder would not make him incapable of filing his tax returns. In rebuttal, the government offered the testimony of Dr. Neil Pliskin, who had conducted a seven-hour neuropsychological evaluation of McCaffrey in 1997. Dr. Pliskin, like Dr. Collins, concluded that McCaffrey's impairments would not have precluded him from filing his tax returns.

On May 7, 1997, the magistrate judge found McCaffrey guilty on all counts. On October 17, 1997, he sentenced McCaffrey to six months' imprisonment, a $2,500 fine, and a $100 assessment. The judge also ordered McCaffrey to file tax returns for

the years 1993 through 1996, which he had remarkably failed to do despite a civil audit and the criminal charges against him. McCaffrey appealed his conviction and sentence to the district court as was his right under 18 U.S.C. § 3402 and Federal Rule of Criminal Procedure 58(g)(2). On June 10, 1998, that court affirmed. This appeal followed.

## II

McCaffrey offers two arguments for our consideration. He urges that the government did not present enough evidence that his failure to file his tax returns was willful to sustain a conviction. He also claims that the court wrongfully admitted evidence that he failed to file income tax returns for the uncharged years, 1980 through 1988.

As we have often remarked, the standard of appellate review makes challenging the sufficiency of the evidence supporting a conviction a daunting task. *United States v. Szarwark*, 168 F.3d 993, 995 (7th Cir.1999). Only when, viewing the evidence in the light most favorable to the government, there is no basis for a rational factfinder to find all of the essential elements of a crime beyond a reasonable doubt will we reverse on this ground. *United States v. Menting*, 166 F.3d 923, 928 (7th Cir.1999). We will not substitute our own credibility assessment for that of the factfinder, nor will we consider whether there is conflicting evidence to support other theories of the case. *United States v. Uriostegui–Estrada*, 86 F.3d 87, 89 (7th Cir.1996).

McCaffrey concedes that he failed to file his income tax returns for the years charged in the indictment, but he claims his failure was not willful, as 26 U.S.C. § 7203 requires it to be. The Supreme Court has defined willfulness in this context as a "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). Thus the govern-

ment had to prove that McCaffrey deliberately intended not to file tax returns he knew he had a duty to file.

The United States provided ample evidence of such willfulness. As a tax accountant, there can be no doubt that McCaffrey was aware of his duty to file. From the scope of McCaffrey's professional and personal accomplishments during those years, the court was entitled to infer that he had the ability to file, making his failure to do so voluntary. See *In re Carlson*, 126 F.3d 915, 923 (7th Cir.1997) (finding the ability to carry on day-to-day affairs the best indication that an illness did not account for non-payment of taxes). The expert medical testimony of Dr. Collins and Dr. Pliskin, each of whom was of the opinion that McCaffrey's conditions did not keep him from filing his taxes, buttressed this conclusion. Moreover, throughout the time that McCaffrey was ignoring his own personal income tax returns, he was filing timely returns on his clients' behalf. This selective non-filing of only his own returns allowed the court to infer that McCaffrey's omissions were deliberate. It makes no difference that this amounted to circumstantial evidence of willfulness, as "[t]he general rule in the majority of criminal cases that intent may be inferred from circumstantial evidence is no different in tax evasion prosecutions." *United States v. King*, 126 F.3d 987, 993 (7th Cir.1997).

McCaffrey also attacks the finding of willfulness by presenting an alternative theory of the case. He suggests that his pervasive need to sleep and his depression made his failure to file his taxes innocently inadvertent, see *United States v. Sato*, 814 F.2d 449, 451 (7th Cir.1987), rather than criminally willful. Simply recasting his trial defense in this way does nothing to help his case, however, because the fact that some of the evidence might have supported his defense has no bearing on the question whether the prosecution submitted sufficient evidence to support its contrary theory. See *Uriostegui–Estrada*, 86

F.3d at 89. The court chose to credit the government's explanation rather than McCaffrey's, noting that "[i]t would strain credulity to believe that Defendant's excessive need for sleep and his depression were so severe that they precluded filing his own personal income tax returns, yet they were not so severe as to preclude his timely filing of the returns of his clients." As long as there is sufficient evidence to support a finding of willfulness—and there is—we will not interfere with the court's conclusion that McCaffrey's intent was culpable.

Finally, we turn to McCaffrey's contention that the court committed reversible error when it admitted evidence of McCaffrey's failure to file income taxes for years other than those charged in the indictment. McCaffrey concedes that the evidence was admissible to establish a pattern of conduct relevant to intent, but he believes the court should have excluded it under Federal Rule of Evidence 403 as unduly prejudicial. We review this kind of decision only for an abuse of discretion. *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1082 (7th Cir.1998).

There was no such abuse here. The only prejudice McCaffrey has identified is that the evidence made him look guilty. Naturally, probative evidence is also prejudicial in a literal sense, but such prejudice is not "undue" and is therefore not subject to exclusion under Rule 403. *United States v. Bradley*, 145 F.3d 889, 893 (7th Cir.1998). It accordingly was not error, much less reversible error, for the court to admit and consider this evidence.

We therefore AFFIRM McCaffrey's conviction.