In the

# United States Court of Appeals

### For the Seventh Circuit

No. 07-2643

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SUSAN ELLIS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 06-76-CR-01 H/F—**David F. Hamilton**, *Judge.*

ARGUED OCTOBER 31, 2008—DECIDED NOVEMBER 20, 2008

Before FLAUM, ROVNER, and WOOD, *Circuit Judges*.

FLAUM, *Circuit Judge*. Susan Ellis has appealed her eight counts of failure to account for and pay federal taxes in violation of 26 U.S.C. § 7202. Ellis objects to two of the district court's rulings admitting evidence against her, the enhancement of her sentence based on her supposed perjury, and the fine imposed by the district court. For the reasons discussed below, we affirm on all counts.

## I. Background

On May 9, 2006, Ellis was indicted on eight counts of willful failure to collect or pay over taxes in violation of 26 U.S.C. § 7202. Ellis was the president, sole owner, and principal agent of PharmaSource Temporary Pharmacy Services. PharmaSource provided pharmacists on a temporary basis to medical facilities and retail stores throughout the country. In early 2001, Ellis made nine federal tax deposits, but she failed to make any deposits for the rest of 2001, all of 2002, and the first quarter of 2003. During this time, Ellis withheld employment taxes, including federal income taxes, FICA, and Medicare, from the employees of PharmaSource in the total amount of $1,597,062.71. In addition, PharmaSource was required to pay a matching employer's contribution for employment taxes, which totaled $437,361.27. The total employment tax loss to the government was $2,034,423.98.

From February 2001 through March 2003, Ellis transferred $2,783,665 from PharmaSource's business checking account to PharmaSource's business investment account and, as stated above, stopped making federal tax deposits for PharmaSource. From May 2001 through November 2002, Ellis took $2,542,200.59 from the PharmaSource business investment account to build a personal residence. She took an additional $545,793.01 from the PharmaSource business investment account to purchase numerous trips to Florida, a luxury car, home decorations, and a house for her mother.

Ellis was tried in the Southern District of Indiana. On October 24, 2006, Ellis filed two motions in limine: one

to exclude evidence relating to Ellis's "use of money" and one to exclude evidence relating to Ellis's uncharged personal and corporate tax violations. Ellis filed another motion in limine to exclude evidence relating to her "Failure to File Returns and Pay Over Taxes for Periods Other than Those Alleged in the Indictment" on November 3, 2006. The district court denied all three motions and Ellis was found guilty on June 29, 2007.

At sentencing, the district court increased Ellis's base offense level from 22 to 24 pursuant to U.S.S.G. § 3C1.1 (2007), which allows a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." Using the new base offense level of 24, the district court sentenced Ellis to the top of the guideline range: 63 months in prison followed by three years of supervised release. The district court also imposed a fine of $1,184,423.74. Ellis timely appealed. She challenges the district court's denial of her motions in limine as well as her sentence enhancement and fine.

## II. Analysis

### A. Admitting Evidence of Ellis's Personal Expenditures

We review a district court's admission or exclusion of evidence for abuse of discretion. *United States v. Wilson*, 307 F.3d 596, 599 (7th Cir. 2002).

As noted above, prior to trial Ellis filed a motion in limine to bar the admission of evidence concerning how

she spent money during the eight quarters of non-payment charged in the indictment. The district court ruled that the evidence of Ellis's personal expenditures was probative of willfulness, an element of the charged offense. Specifically, the district court stated that the evidence of expenditures on the purchase of her home, home decoration and travel were relevant to negate Ellis's "principal defense" that she was too busy to notice or remember her tax obligations. Ellis argues that the evidence was not relevant, and, moreover, that it should have been excluded under Federal Rule of Evidence 403 as unduly prejudicial. Ellis's charged crime was "Willful failure to collect or pay over tax." The relevant statute provides that

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall . . . be guilty of a felony.

26 U.S.C. § 7202. The Supreme Court has defined the willfulness described in the criminal tax laws as requiring proof of a "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200 (1991).

Ellis argues that the evidence was not relevant because she did not present "inability to pay" or "good faith" defenses at trial. However, Ellis's principal defense was that she was too busy to notice or remember her tax obligations. Because Ellis claimed that she had no time to remember her taxes, the ways she was spending her time—traveling to Florida, buying cars, purchasing and overseeing the decoration of her two million dollar home—were relevant. We also note that the amount of taxes Ellis

failed to pay during the indictment period was around the same amount she spent on herself during the indictment period. This fact also undermines Ellis's defense that she simply overlooked or forgot her tax liability, since most people would inquire as to why they have an unexpected additional two million dollars to spend on themselves.

Ellis also argues that the evidence of her expenditures gave rise to a "highly prejudicial" inference that she had a bad character, and that the district judge did not appropriately limit questioning of witnesses in this vein. While Ellis's lavish personal expenditures certainly place her in an unfavorable light, in view of the evidence's relevance, we do not believe that the danger of unfair prejudice substantially outweighed the evidence's probative value. *See* Fed. R. Evid. 403. Ultimately, striking the correct balance was up to the district court and we cannot conclude that the district court abused its discretion in making this determination.

## B. Admitting Evidence of Ellis's Uncharged Tax Violations

Again, we review a district court's admission or exclusion of evidence for abuse of discretion. *Wilson*, 307 F.3d at 599.

Prior to trial, Ellis filed two motions in limine objecting to the admission of evidence regarding her other tax liabilities and uncharged failures to pay during and before the indictment period. The district court ruled against Ellis and explained several reasons why the

other uncharged failures were relevant. The district court stated that "[t]he evidence of the earlier failures to file the returns and to make deposits, even when accountants were doing all of the work [for Ellis] except the final submissions . . . is all relevant to show that defendant fully understood that PharmaSource was withholding the taxes and that the company and she were legally responsible for filing the returns and depositing the money with the IRS." The district court also stated that Ellis's failure to file individual and corporate tax returns was probative of the defendant's state of mind on the charged violations because they tended to show that the violations were part of a larger disregard for federal tax obligations that a jury could find was willful. Under the district court's interpretation, the uncharged violations were directly relevant under *Cheek* to show that Ellis was aware of her duties under the tax laws and to show her complete disregard of those duties. *See Cheek*, 498 U.S. at 200. During trial, the district court again stated that "[t]he evidence that I've heard at trial has reinforced my view of its relevance [to willfulness], and I think strongly indicates that the probative value of that evidence is not outweighed by any prospect for unfair prejudice to Ms. Ellis."

Ellis argues that evidence regarding her past tax violations runs afoul of Rule 404(b). She also argues that any slight probative value the evidence had in showing intent was outweighed by the unfair prejudice resulting from its admission. The government responds that the ten-year pattern of tax violations showed that Ellis's trial testimony about forgetting her obligations was not

worthy of belief. Government Brief at 28. Specifically, the government notes that Ellis failed to timely file from 1995 to 1999, until her accountant discovered the misconduct and Ellis belatedly filed and paid the taxes. The government argues that this showed that Ellis had long been aware of her legal obligation to file and pay taxes and that Ellis knew that substantial penalties could be imposed for late filing and payments, decreasing the likelihood she would, as she claimed at trial, forget her tax obligation during the indictment period.

Rule 404(b) states in relevant part:

> Other crimes, wrongs, or acts.
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

This court has established a four-part test to determine whether evidence of other crimes, wrongs or acts may be admitted. We look to whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Shields*, 999 F.2d 1090, 1099 (7th Cir. 1993) (citing *United States v. Zapata*, 871 F.2d 616, 620 (7th Cir. 1989)).

We do not believe the district court abused its discretion in admitting the evidence. We agree that the evidence is relevant to negate Ellis's defense of forgetfulness and show that she acted willfully; that is, that Ellis was aware of her duties to account for and pay over her taxes and disregarded those duties by failing to do so. The evidence was appropriate under the test stated in *Shields*: the evidence was directed toward proving a matter at issue (Ellis's disregard of a known duty), the prior acts were close in time and reliably substantiated, and the acts' probative value was not outweighed by the danger of unfair prejudice. *See Shields*, 999 F.2d at 1099. Moreover, this court has approved the admission of evidence of prior tax violations in similar cases. In *United States v. McCaffrey*, 181 F.2d 854 (7th Cir. 1999), the defendant objected to the admission of evidence of his failure to file income taxes for years other than those charged in the indictment. *Id*. at 857. The court found that the district court had not abused its discretion in admitting the evidence. *Id.* In response to the defendant's argument that the evidence was unduly prejudicial, the court stated that "[t]he only prejudice McCaffrey has identified is that the evidence made him look guilty. Naturally, probative evidence is also prejudicial in a literal sense, but such prejudice is not 'undue' and is therefore not subject to exclusion under Rule 403." *Id.* The same is true in this case. While the evidence of past tax violations certainly makes Ellis look less than law

abiding, the prejudice is not undue. *See United States v. Kalita*, 712 F.2d 1122, 1131 (7th Cir. 1983) (the failure to file tax returns for time periods outside of the indictment was relevant to the issue of willfulness in a tax case). We hold that the district court did not abuse its discretion in admitting evidence of Ellis's uncharged tax violations.

## C. Sentencing Enhancement for Obstruction of Justice

This court reviews the adequacy of the district court's obstruction of justice findings de novo and any underlying factual findings for clear error. *See United States v. Carrera*, 259 F.3d 818, 831 (7th Cir. 2001).

In making its finding that Ellis obstructed justice, the district court stated:

> I find that she [obstructed justice], and I am going to enhance for two levels for obstruction of justice under the guidelines. That enhancement is not automatic for testifying in a way that is inconsistent with guilt and then being found guilty. But here the defendant made repeated statements under oath to the jury and to me that, for that two year period, she did not know that she was not paying the employee withholding taxes; that she did not make a conscious decision to stop paying taxes; and that she did not act willfully or purposefully.
>
> . . .
>
> The elements of perjury here are falsity, materiality and willfulness. As for falsity on the testimony that

she forgot and did not make a conscious decision not to pay the employee withholding taxes, the jury obviously treated her testimony as false. . . . I also find that the testimony was false. The testimony that she did not intentionally fail to pay, but that she forgot and that she never made a deliberate decision to fail to pay the taxes. As for materiality. The issue of the defendant's state of mind in 2001 through 2003 went to the heart of the case. It obviously was material. As for willfulness. I find that yes, this was a false and deliberately false effort to avoid criminal responsibility. . . . I do not believe the defendant could have honestly believed [during trial] in February of 2007 that she did not act willfully, that she had honestly forgotten to pay her taxes and, so, that makes the Offense Level 24.

Ellis's only argument against the enhancement is that the district court did not specifically point to any statements made by Ellis that were lies. "Instead," Ellis says, "the court merely declares that her testimony regarding her intent was false." Ellis claims that without a more precise record, the court's errors cannot be found harmless and therefore the sentence must be vacated and remanded.

Perjury is an appropriate basis for an obstruction enhancement under U.S.S.G. § 3C1.1, but not every instance of false testimony under oath warrants the enhancement. *See Carrera*, 259 F.3d at 830. The enhancement is limited to situations in which "a defendant 'gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confu-

sion, mistake, or faulty memory.' " *United States v. Turner*, 203 F.3d 1010, 1020 (7th Cir. 2000) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). Standing alone, the fact that a defendant denied her guilt at trial and then was found guilty is not enough to merit a § 3C1.1 enhancement. *See United States v. Webster*, 125 F.3d 1024, 1037 (7th Cir. 1997). To properly support an enhancement for obstruction of justice, the district court must make independent findings as to all of the elements of perjury: falsity, willfulness, and materiality. *Carrera*, 259 F.3d at 831. The burden is on the government to prove by a preponderance of the evidence that the defendant's false testimony was willful. *United States v. Shearer*, 479 F.3d 478, 484 (7th Cir. 2007).

Here it appears that the district court, as required, "review[ed] the evidence and ma[de] independent findings necessary to establish a willful impediment to, or obstruction of, justice . . ." *United States v. McGiffen*, 267 F.3d 581, 591 (7th Cir. 2001). The district court specifically stated that it was not applying the enhancement merely for testifying and being found guilty, but rather because of "repeated statements under oath to the jury and to me that she was not paying the employee withholding taxes, that she did not make a conscious decision to stop paying taxes; and that she did not act willfully or purposefully." Contrary to Ellis's argument, the district judge's description—in which he noted three of Ellis's statements that he believed to be false—sufficiently identified the false statements. We will not find that the enhancement was unsupported simply because the district court did not cite a specific part of the record in

its oral ruling. In addition to identifying the false statements, the district court also made findings regarding the other elements of the obstruction enhancement in detail. The district court's enhancement of the sentence thus appears sound and we will not disturb it.

### D. Imposition of the $1,184,423.74 fine

We review a district court's decision to impose a fine as part of a defendant's sentence for clear error. *See United States v. Hach*, 162 F.3d 937, 950 (7th Cir. 1998). A district court's sentencing determinations are clearly erroneous only if this court is "left with a definite and firm conviction that a mistake has been committed." *United States v. Salinas*, 62 F.3d 855, 861 (7th Cir. 1995) (citations and quotations omitted).

For a crime with an offense level of 23 or 24, the Sentencing Guidelines suggest a fine between $10,000 and $100,000. *See* U.S.S.G. § 5E1.2(c)(3). However, 18 U.S.C. § 3571 allows a sentencing judge to disregard the suggested fines under the Sentencing Guidelines and instead impose an "alternate fine based upon gain" to the defendant as a result of the violation. Here, the government requested a $1,184,423.74 fine based upon the total amount Ellis took from the paychecks of her employees during the indictment period, reduced by an amount of $850,000 that Ellis paid to the government during trial. To explain its fine, the district court stated:

> It's an unusual situation, under current federal law,
> that I'm not empowered to order restitution. Instead

> what I've done is order fines pursuant to 18 U.S.C. § 2571(d) [sic] based on the amount of gain to the defendant, and the amounts are intended to add up count by count to the principal amount unpaid, and I am giving credit in that calculation to the $850,000 in payments the defendant made on the eve of trial.

Sentencing Transcript at 54.

Ellis's only argument against her fine is that it should be reconsidered because her sentence should not have been enhanced for obstruction of justice. *See* Defendant's Brief at 27. As explained above, however, we have concluded that the enhancement was appropriate. Therefore, because the district court's fine does not appear to be clear error, we affirm the fine.

### III. Conclusion

For the reasons above, we affirm the judgment of the district court.