In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3735

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EDWARD J. DAVIS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 CR 00659 — **Gary Feinerman**, *Judge.*

ARGUED MARCH 27, 2017 — DECIDED JUNE 12, 2017

Before BAUER and EASTERBROOK, *Circuit Judges,* and
DEGUILIO,[*] *District Judge.*

BAUER, *Circuit Judge.* On May 25, 2016, a jury found Edward
James Davis guilty of one count of knowingly transporting and
causing to be transported more than 10 images of child

---

[*]  Of the Northern District of Indiana, sitting by designation.

pornography, in violation of 18 U.S.C. § 2252A(a)(1), and one count of possession of material which contained an image of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On October 11, 2016, the district court sentenced Davis to 210 months' imprisonment on each count, to be served concurrently. The court also imposed a $400,000 fine, $2,000 in restitution, a five-year term of supervised release, and a $200 special assessment. Davis brings this appeal challenging the sufficiency of the government's evidence at trial, as well as the constitutionality and reasonableness of the $400,000 fine.

## I.  BACKGROUND

In late 2013, FBI agents began investigating pornographic images that appeared on the online photo-sharing website Shutterfly. Shutterfly allows individuals to create an account using an email address, and then upload images to the website. One Shutterfly feature, called a "share site," allows users to post images and then invite other Shutterfly users to view them, and also upload their own images.

At Davis' trial, FBI Agent Daniel O'Donnell testified that in January 2014, he executed a search warrant on a Shutterfly share site titled "bwbb722." The site showed that it had approximately 50 members at that time, one of whom was a user with the username "Jimmy D." "Jimmy D" joined "bwbb722" on August 29, 2013, and posted just over 2,000 images to the site on August 30, 2013. Agent O'Donnell testified that he determined, based on his experience and training, that at least 1,000 of these images depicted minors engaging in sexual intercourse with both minors and adults.

The remainder were images depicting minors in either sexually suggestive poses or partially clothed.

The "Jimmy D" username was created using the email address jimmydbw@cs.com. That email address was registered through AOL. In response to a search warrant, AOL provided the information associated with that address to Agent O'Donnell. The account was registered to "Jim Davis," with an address of 10532 West Drummond Place, Melrose Park, Illinois. Davis had owned the home at that address since 1983. The AOL account was also registered with a credit card with the name "James Davis."

On April 22, 2014, FBI agents and local police executed a search warrant on the home at 10532 West Drummond Place and found Davis there alone. There were two bedrooms in the house, each with one bed. Anthony Stack of the Cook County Sheriff's Department, who participated in the search, testified that only one of the bedrooms appeared to be slept in, while the other appeared to be used for storage. He testified that Davis appeared to be the only occupant of the home. During the search, Officer Stack found and seized two computers—one laptop and one desktop—in the first floor study.

FBI Special Agent Shannon McDaniel performed the forensic search of the seized computers. She testified that she found 350 images of child pornography on the desktop computer's hard drive and 700 images of child pornography on the laptop's hard drive. These images were located in the "carved space" of the hard drives. FBI Senior Forensic Examiner Jon Shumway testified that when a user deletes an image from a computer, it will remain in the carved space on a hard drive,

even though the typical user may no longer be able to see or access it. Agent McDaniel testified that, by using forensic software, she was able to recover the pornographic images from the carved space on the hard drives seized from Davis' home.

Over 180 of these images were visual matches for the images that "Jimmy D" posted on the "bwbb722" Shutterfly site on August 30, 2013. Agent McDaniel also testified that the forensic software used to search the hard drives was able to recover metadata, which provides specific information about the use and activity of particular images. From the metadata she recovered, Agent McDaniel confirmed that certain of these images had been uploaded from these computers to various Shutterfly share sites using the name "Jimmy D" and the email address jimmydbw@cs.com. Over 30 of the 180 matched images were uploaded to Shutterfly in August 2013, prior to being posted to "bwbb722." Session activity obtained from AOL confirmed that the jimmydbw@cs.com account was online during the time frames in which "Jimmy D" posted the images to "bwbb722" on August 30, 2013.

Agent McDaniel also testified as to other information and documents she located on the seized computers. The desktop computer contained a copy of Davis' passport; two photographs of Davis; a landscaping bill addressed to Davis at his home address; an anatomical donation form completed with Davis' name, address, and phone number; and a reservation for a trip made in Davis' name. The laptop computer contained a photograph of Davis, as well as data recovered from an anti-virus program that was registered with the jimmydbw@cs.com email address and Davis' phone number.

On May 17, 2016, a superseding indictment charged Davis with one count of transporting more than 10 images of child pornography on August 30, 2013, and one count of knowingly possessing an image of child pornography in or around August 2013. On May 25, 2016, after a three-day trial, at which Davis called no witnesses, the jury returned guilty verdicts on both counts. Davis filed a motion for judgment of acquittal, a motion in arrest of judgment, and a motion for a new trial. He argued that the evidence at trial was insufficient to support his convictions, and also made a number of challenges to the court's evidentiary rulings. On July 6, 2016, the district court denied Davis' motions. On October 11, 2016, the court sentenced Davis to 210 months' imprisonment, and imposed a $400,000 fine, $2,000 in restitution, a five-year term of supervised release, and a $200 special assessment. This appeal followed.

## II.  DISCUSSION

### A.  Sufficiency of the Evidence

Davis' first argument on appeal is that the government presented insufficient evidence at trial to support his convictions beyond a reasonable doubt. Specifically, he contends that there was insufficient evidence to establish that he was the individual who uploaded and posted the images to the Shutterfly site. He also argues that the government did not present sufficient evidence to establish that he knowingly possessed the pornographic images located on the seized computers.

When reviewing the sufficiency of the evidence, "we view the evidence in the light most favorable to the prosecution and

ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Salinas*, 763 F.3d 869, 877 (7th Cir. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This means that a criminal defendant "faces an uphill battle on appeal." *United States v. Eads*, 729 F.3d 769, 779 (7th Cir. 2013). If the record presents a reasonable basis for the jury's verdict, it must stand. *Id.* (citation omitted). Additionally, "[i]t is well established that a jury's verdict may rest solely upon circumstantial evidence." *United States v. Robinson*, 177 F.3d 643, 648 (7th Cir. 1999).

To sustain a conviction for transportation of child pornography, the government was required to prove that Davis knowingly transported child pornography using a means or facility of interstate commerce, and that he knew the material depicted one or more actual minors engaged in sexually explicit conduct. *See* 18 U.S.C. § 2252A(a)(1). Davis' only argument as to this conviction is that the government did not prove that he was, in fact, the person who uploaded and posted the images from the seized computers. Upon review of the record, however, there is ample support for the jury's conclusion that Davis uploaded and posted the images.

Agent O'Donnell testified that "Jimmy D" was the member who posted 2,000 images to "bwbb722" on August 30, 2013, and that "Jimmy D" was registered using an email address linked to Davis' name, home address, and phone number. AOL records showed that the account registered with a credit card in Davis' name was online at the times during which the images were posted to "bwbb722." Officer Stack testified that there was no indication that anyone other than Davis lived in

his home. The only pieces of identifying information located on either of the seized computers—such as the photographs of Davis, his passport, the landscaping bill, the trip reservations, and the software registrations—indicated that they belonged to and were used only by Davis. This evidence could certainly lead a reasonable jury to conclude Davis was the user who knowingly uploaded the pornographic images to Shutterfly and posted them to the "bwbb722" site on August 30, 2013.

To sustain a conviction for possession of child pornography, the government was required to prove that Davis knowingly possessed material that he knew to be child pornography that had been transported or produced using materials that had been transported through interstate commerce. *See* 18 U.S.C. § 2255A(a)(5)(b). Davis argues that the government's evidence failed to prove that he knowingly possessed the images that were located in the carved space of the computers' hard drives. He notes that the government presented no evidence to demonstrate that he had knowledge of the carved space's function or location. Without such evidence, he contends that the jury could not reasonably conclude that he knew those images existed on his computer.

This argument is unpersuasive and misunderstands both the evidence and the indictment. As the government points out, Davis was not charged with knowingly possessing the images in April 2014, when the computers were seized and searched. Rather, he was charged with possessing them in or around August 2013. That is the same month in which the images were uploaded from his computers to Shutterfly and posted on "dwbb722" under a username linked to his email address. Agents Shumway and McDaniel both testified that the

existence of the images in the carved space indicates that they were deleted from another location on the hard drive where they were stored at a previous time. Additionally, as discussed above, the government's evidence demonstrated that the images had been uploaded from Davis' computers to the Shutterfly site in August 2013. Because the jury reasonably determined that Davis knowingly uploaded the images, it also had a sufficient basis to conclude that he knowingly possessed those images prior to doing so.

In sum, there was sufficient evidence for the jury to conclude that Davis uploaded and posted images of child pornography from his computers to Shutterfly, and that he knowingly possessed those images prior to doing so.

### B.  Challenge to Fine

As part of Davis' sentence, the district court imposed a fine of $200,000 on each count of conviction, for a total fine of $400,000. Davis challenges the fine, arguing both that it was excessive in violation of the Eighth Amendment to the Constitution, and that it was substantively unreasonable.

We review constitutional questions, including challenges to fines under the Eighth Amendment, *de novo*. *United States v. Segal*, 495 F.3d 826, 840 (7th Cir. 2007). The Eighth Amendment provides: "Excessive bail should not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Supreme Court has held that, under the Eighth Amendment, a punitive fine "must bear some relationship to the gravity of the offense it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).

Thus, a fine "violates the Excessive Fines clause if it is grossly disproportional to the gravity of a defendant's offense." *Id.*

When determining the proportionality of a fine relative to the crime, the Supreme Court directs us to consider the punishments prescribed by statute, emphasizing that "judgments about the appropriate punishment for an offense belong in the first instance to the legislature." *Id.* at 336. Here, based on Davis' status as a repeat offender, the relevant statute contemplates minimum sentences of 15 years' imprisonment for transporting child pornography, 18 U.S.C. § 2252A(b)(1), and 10 years' imprisonment for possessing child pornography, *id.* § 2252A(b)(2). The statutory maximum fine for each of Davis' convictions is $250,000. *Id.* § 3571(b)(3). Moreover, the fines the district court imposed here fell within the applicable Guidelines range. *See* U.S.S.G. § 5E1.2(c)(3). All of this clearly indicates that Congress and the United States Sentencing Commission consider these to be quite serious offenses, which, in turn, indicates that a fine of this size is appropriate. *See United States v. Malewicka*, 664 F.3d 1099, 1106 (7th Cir. 2011) ("There is a strong presumption of constitutionality where the value of the forfeiture falls within the fine range prescribed by Congress or the Guidelines."); *see also United States v. Bernitt*, 392 F.3d 873, 880–81 (7th Cir. 2004) (citing *Bajakajian* and considering statutory penalties and applicable Guidelines in determining proportionality of fine). The fine imposed by the district court is not disproportional to Davis' crimes, and therefore, does not violate the Eighth Amendment.

Davis also makes a general, albeit brief, argument that the court's imposition of the fine was substantively unreasonable.

We review the reasonableness of a district court's decision to impose a fine for clear error. *United States v. Ellis*, 548 F.3d 539, 546 (7th Cir. 2008). We will find that decision clearly erroneous only if we are "left with a definite and firm conviction that a mistake has been committed." *Id.* (citation and quotation marks omitted).

The district court's Guidelines calculation, which Davis does not challenge, resulted in an advisory range of $20,000 to $200,000 for each conviction. Thus, while on the high end, the $400,000 fine was within the Guidelines range. In considering the fine, the district court appropriately addressed the factors set forth in 18 U.S.C. § 3572(a). It noted that Davis had a net worth of $1.9 million; the lack of expenses that might burden Davis while incarcerated; the loss inflicted on others by Davis' offense; that the fine would not impair Davis' ability to pay restitution; and that the fine would assist in reimbursing the government for the cost of his imprisonment. The court also considered the appropriate factors under 18 U.S.C. § 3553(a), and Davis does not contend otherwise. Based on its careful consideration of the relevant statutory factors, and its imposition of a fine within the Guidelines, we cannot say that the district court clearly erred by imposing a fine of $400,000.

## III.  CONCLUSION

For the foregoing reasons, Davis' conviction and sentence are affirmed.