# United States Court of Appeals
## For the First Circuit

No. 21-1298

UNITED STATES OF AMERICA,

Appellee,

v.

KELVIN VÉLEZ-VARGAS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Thompson, Selya, and Kayatta,
Circuit Judges.

Franco L. Pérez-Redondo, Assistant Federal Public Defender, Supervisor, Appeals Section, with whom Eric Alexander Vos, Federal Public Defender, was on brief, for appellant.
Francisco A. Besosa-Martínez, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

April 21, 2022

**KAYATTA**, **Circuit Judge**. Kelvin Vélez-Vargas (Vélez) pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After calculating Vélez's sentencing range under the United States Sentencing Guidelines (Guidelines) to be thirty-three to forty-one months of imprisonment, the district court sentenced him to thirty months. On appeal, Vélez argues that, in calculating his Guidelines sentencing range, the district court incorrectly found that his prior conviction in a Commonwealth of Puerto Rico court for attempted aggravated battery[1] under Article 109 of the Puerto Rico Penal Code, P.R. Laws Ann. tit. 33, § 5162 (2012), was a conviction for a "crime of violence" within the meaning of Guidelines sections 2K2.1(a)(4)(A) and 4B1.2(a). That finding triggered a heightened base offense level of twenty, when the offense otherwise would have qualified for a base offense level of fourteen.[2] See U.S.S.G. § 2K2.1(a)(4), (6). But for that enhancement, Vélez's Guidelines sentencing range (based on the court's application of other offense-level adjustments) would have

_____

[1] In its briefing, the government refers to this prior conviction as an aggravated "assault." We use the word "battery" instead, per the certified translations of the statute and jury instructions provided for the record in this case.

[2] The court calculated and adopted a total offense level of nineteen, after adding two levels for a reckless-endangerment enhancement, U.S.S.G. § 3C1.2, and then subtracting three levels for acceptance of responsibility, id. § 3E1.1.

been fifteen to twenty-one months.  See id. § 5A (Sentencing Table).  Vélez timely objected to the enhancement and timely appealed.

On appeal, the government concedes that the Article 109 conviction is not -- as the district court determined -- one of the enumerated offenses in the Guidelines' definition of "crime of violence."  See id. § 4B1.2(a)(2).  Instead, the government contended in its brief that the district court's error was harmless because that conviction required "as an element the use, attempted use, or threatened use of physical force" and thus is categorically a crime of violence under Guidelines section 4B1.2(a)(1).

After the parties briefed this appeal, the Supreme Court of Puerto Rico issued new form jury instructions for Article 109 offenses that explain the multiple "modalities" for committing aggravated battery under Puerto Rico's Penal Code.  The parties point to no known so-called Shepard documents that would shed light on the precise form of the Article 109 offense for which Vélez was convicted.[3]  In response to the new form jury instruction, the government abandoned its argument that a conviction under

_____

[3] In Shepard v. United States, 544 U.S. 13, 26 (2005), the Supreme Court approved a limited set of documents relating to a prior conviction (e.g., the charging document, the terms of a plea agreement, or a factual basis from a plea colloquy) that subsequent sentencing courts may consult in determining whether that prior conviction qualifies as a crime of violence.

Article 109 is categorically a crime of violence within the meaning of section 4B1.2(a).

The parties therefore sensibly agree that Vélez's sentence was marked by procedural error.  See United States v. Colón-Maldonado, 953 F.3d 1, 4 (1st Cir. 2020) (identifying the improper calculation of a Guidelines sentencing range as a "significant procedural error" warranting reversal (quoting United States v. Sayer, 916 F.3d 32, 37 (1st Cir. 2019))).  But the government nevertheless maintains that we should affirm on an alternative basis not raised or reached below, acknowledging that our ability to do so is discretionary.  See United States v. Castillo-Martinez, 16 F.4th 906, 915 (1st Cir. 2021).  In support of this proposal, the government advances another prior conviction of Vélez which, concededly, was not advanced or relied on by the court or any party below but which, in the government's view, provides an alternative basis for finding the crime-of-violence enhancement. By extension, this argument also implies that, should we remand the case for resentencing, the government would seek to rely on the alternative conviction in future proceedings.

The government did not object below to the presentence investigation report (PSR) on the basis that the PSR had insufficiently identified predicate crimes of violence, even though the PSR had identified but one such qualifying conviction -- the attempted aggravated battery on which the government now

- 4 -

agrees we ought not rely. And the case law does not readily welcome the government's belated attempts to identify new qualifying predicates to sustain a sentencing enhancement. See United States v. Canty, 570 F.3d 1251, 1256-57 (11th Cir. 2009) (declining the government's bid to let it pursue on remand an alternative predicate for a vacated Armed Career Criminal Act (ACCA) enhancement because the government did not object to the PSR or the sentencing court's findings as to which prior convictions qualified as ACCA predicates); United States v. Hodge, 902 F.3d 420, 430 (4th Cir. 2018) ("The Government cannot identify only some ACCA-qualifying convictions at sentencing -- thereby limiting the defendant's notice of which convictions to contest -- and later raise additional convictions to sustain an ACCA enhancement once the burden of proof has shifted to the defendant.").[4]

In this particular case, we see good reason not to allow such a backfill. Vélez is currently serving his thirty-month term of imprisonment. That term, originally imposed in March of 2021, could become substantially shorter depending on the effect of a

---

[4] Although both Canty and Hodge discussed whether predicate crimes qualified as "violent felon[ies]" under the ACCA, 18 U.S.C. § 924(e), rather than as "crime[s] of violence" under Guidelines section 4B1.2(a)(1), we have previously noted that the definitions of the two terms are substantially identical, and thus "decisions construing one term inform the construction of the other," United States v. Faust, 853 F.3d 39, 57 (1st Cir. 2017) (quoting United States v. Willings, 588 F.3d 56, 58 n.2 (1st Cir. 2009)).

new Guidelines sentencing range calculated without the six-level enhancement to the base offense level. If the district court on remand were to consider and adopt an entirely new basis for that enhancement, and resentence accordingly, there would be a real possibility that Vélez would serve his full sentence before he could challenge the reimposed sentence on appeal.[5] This possibility would have been avoided had the alternative grounds been advanced and accepted the first time around. In short, Vélez could be seriously prejudiced if we were to allow the government to press seriatim alternative grounds for sentencing that could have been pressed simultaneously.

The government argues that "forcing" it to raise from the get-go alternative predicate offenses to support a crime-of-violence enhancement could disadvantage defendants by directing additional attention to their prior crimes. But the scenario posed by the government is hardly typical. It posits the government pulling its punches even where, as here, the parties dispute the proper Guidelines sentencing range and the defendant expressly challenges the government's claim that a particular enhancement

---

[5] The government's suggestion that the alternative conviction (for brandishing a firearm in violation of Article 5.15 of the Puerto Rico Weapons Law) is a qualifying crime of violence would likely face vigorous argument in any appeal here. Cf. United States v. Delgado-Sánchez, 849 F.3d 1, 8-11 (1st Cir. 2017) (discussing whether an Article 5.15 offense is categorically a crime of violence under Guidelines section 4B1.2(a)).

should apply.  Moreover, the presentence report will itself advise the court of prior convictions.[6]  In any event, in this particular case there is no suggestion in the record that the government downplayed information or argument to temper a sentence,[7] and the prejudice to Vélez of starting from scratch is obvious.

We therefore <u>vacate</u> the sentence and <u>remand</u> for resentencing with the Guidelines sentencing range to be calculated without any section 2K2.1(a)(4)(A) enhancement.  Pursuant to Federal Rule of Appellate Procedure 41(b), the mandate shall issue seven days from the issuance of this opinion.

---

[6] The government acknowledges that this was the case here, as it contends that the sentencing court was "fully cognizant" of the alternate predicate now advanced.

[7]  The government at oral argument claimed that it had been motivated to withhold reliance on the alternative conviction by some interest in preventing Vélez from receiving a harsher-than-necessary career-offender enhancement.  Defense counsel, however, pointed out that Vélez would not have been eligible for this classification, even had both of the government's proposed convictions been accepted by the district court, because the offense of conviction was not itself a qualifying crime of violence or controlled substance offense.  <u>See</u> U.S.S.G. §§ 4B1.1(a), 4B1.2; <u>cf.</u> <u>United States</u> v. <u>Soto-Rivera</u>, 811 F.3d 53, 54, 60–62 (1st Cir. 2016) (holding that, under a prior version of Guidelines section 4B1.2(a), a conviction for being a felon-in-possession under 18 U.S.C. §§ 924(a)(2) and 922(g)(1) was not a crime of violence).