# United States Court of Appeals
## For the First Circuit

No. 21-1483

UNITED STATES OF AMERICA,

Appellee,

v.

KARL MESSNER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph N. Laplante, U.S. District Judge]

Before

Thompson, Kayatta, and Gelpí,
Circuit Judges.

Ines McGillion, with whom Ines McGillion Law Offices, PLLC
was on brief, for appellant.
Seth R. Aframe, Assistant United States Attorney, with whom
John J. Farley, United States Attorney, was on brief, for appellee.

June 22, 2022

THOMPSON, **Circuit Judge**.  After pleading guilty to one count of possession of child pornography, Karl Messner was sentenced to an under-Guidelines-range sentence of 46 months. Invoking a narrow exception to his appellate waiver of that sentence, he now claims that his trial counsel was ineffective for failing to object on constitutional grounds to a four-level Guidelines enhancement.  Because we conclude that the undisputed facts reveal Messner suffered no prejudice from any claimed deficient performance, we affirm.

## BACKGROUND

We begin our history[1] back in 2016, when the National Center for Missing and Exploited Children (NCMEC) got a tip from a website known as Chatstep.com that someone, using particular screennames like "janet" and "cindy," was uploading what appeared to be child pornography to various chat rooms on its website. Homeland Security Investigations got involved, and the IP (short for internet-protocol) addresses associated with the tips all linked back to one service provider in Weare, New Hampshire.  When that service provider was subpoenaed, it forked over records indicating that the IP addresses were assigned to Messner.

---

[1] Because Messner pled guilty, we draw that history from his plea agreement, the undisputed sections of the presentence investigation report ("PSR"), and the transcripts of his change-of-plea and sentencing hearings.  United States v. González, 857 F.3d 46, 52 (1st Cir. 2017).

- 2 -

After obtaining a search warrant, federal investigators appeared at Messner's door early one morning in October 2016. Still in his pajamas and bathrobe, Messner let the agents in and agreed to speak with them. In that conversation, Messner admitted that he used the internet service provider the agents had subpoenaed and also identified several computers in the house. Messner further admitted to agents that he used Chatstep to view child pornography, that he used various screennames on the website, and that he saved some unknown number of child-porn images, which he told investigators they would find on his laptop and thumb drives. Messner disclaimed any interest in touching children and called his viewing of the child porn a "small diversion."

After federal investigators seized two laptops and several thumb drives from the home, they brought them in for forensic examination. On one laptop and one thumb drive, agents recovered fewer than 150 still images of child pornography. The photos were sent over to NCMEC, which reported back that 27 of the photos were of known minor victims.

After the parties attempted unsuccessfully to reach a pre-indictment resolution of this case, a federal grand jury handed down a one-count indictment charging Messner with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Messner moved to suppress the statements he gave to investigators on the morning of the search, but when that motion was

unsuccessful, Messner reached an agreement with the government to plead guilty. As part of that agreement, Messner agreed that he waived his right to appeal or collaterally attack his sentence if it was within or lower than the Guidelines range determined by the court. Tucked in there, though, was a clause allowing him to appeal based on new legal principles with retroactive effect or based on ineffective assistance of counsel.[2]

Following the entry of Messner's plea, things then turned to the U.S. Probation Office, which prepared the PSR in this case. As part of that report, the probation officer described three images that were part of Messner's child-porn stash. Two images each depicted a naked pre-pubescent girl under the age of 12, with each photo's focal point on the young girl's genitals. The third photo, the probation officer said, "depicts an adult male penis penetrating the vagina of a toddler-aged female." Messner did not object to the PSR's factual description of those images.

Based on the conduct depicted in the photos, the initial draft of the PSR applied a four-level enhancement under U.S.S.G. § 2G2.2(b)(4) (without a further subparagraph notation) because the offense involved material that "portrays sexual abuse or exploitation of an infant or toddler," subparagraph (B) of that

---

[2] Messner also reserved the right to appeal the denial of his motion to suppress, but he has apparently elected not to do so.

Guidelines provision. Messner's first trial counsel objected to that enhancement,[3] arguing that "the material did not portray" the sexual abuse or exploitation of an infant or toddler and directing the probation officer to the enhancement's application notes, but without further elaboration. But again, counsel did not object to the PSR's description of the nature of the photographs reviewed. Responding to the objection, the probation officer said that the four-level enhancement under § 2G2.2(b)(4) applied because one photo depicted an adult male penis penetrating the vagina of a toddler-aged female. The probation officer thus relied on the contention that the photo qualified as sadistic or masochistic -- subparagraph (A) of the Guidelines section. The probation officer made no changes to the PSR, leaving the PSR with a reference to § 2G2.2(b)(4) (with no subparagraph) and the notation that the material portrays the sexual abuse or exploitation of an infant or toddler -- a nod to subparagraph (B) of the Guidelines section. Still, the probation officer's response invoking the sadistic-or-masochistic enhancement was submitted to the district court as an addendum to the final version of the PSR, which the court acknowledged reading. When Messner's original trial counsel submitted the first sentencing memorandum, he added no further

---

[3] Messner's initial trial counsel passed away while Messner was awaiting sentencing.

argument that the sadistic-or-masochistic enhancement would not apply.

After some time passed, Messner's new trial counsel filed a new sentencing memorandum. In that memo, Messner's counsel conceded -- relying on the PSR's description of the photographs -- that "the evidence . . . supports that Mr. Messner possessed a single photograph depicting sexual abuse of a toddler," citing to the PSR's descriptions of the three photographs. At sentencing, Messner's counsel did not object to any of the Guidelines calculations, thus conceding that (at least in her view) the four-level enhancement under § 2G2.2(b)(4) was legally sound -- though she did advocate that the court should view that four-level enhancement as steep and thus depart or vary downward from the Guidelines range.

The district court ultimately took up Messner's bid to give him a sentence more lenient than the Guidelines recommended. The Guidelines range put Messner's sentence between 70 and 87 months. The district court, however, thought that in this case the Guidelines over-punished based on the number of images at issue and therefore applied a two-level downward variance (on top of the two-level reduction the government had already agreed to). That put the adjusted Guidelines-range sentence between 46 and 57 months, see U.S.S.G. ch. 5, pt. A (sentencing table) (2018), and the district court handed Messner a sentence on the bottom end of

that range -- 46 months in prison.  That sentence was, indeed, within or lower than the Guidelines range determined by the court, so Messner's appellate waiver applies.

Undeterred, Messner filed a timely notice of appeal and now, armed with new appellate counsel, seeks to shoehorn his appeal into the narrow exception in his appellate waiver.[4]

## DISCUSSION

Cognizant of his appeal waiver, Messner now contends that his sentencing proceedings were infected by ineffective assistance of his counsel because counsel failed to object on constitutional grounds to the four-level enhancement under U.S.S.G. § 2G2.2(b)(4)(B).

Under the Sixth Amendment, criminal defendants have the right to competent counsel at various "critical stages of a criminal proceeding," including (as relevant here) at their sentencing proceedings.  Lafler v. Cooper, 566 U.S. 156, 165

---

[4] Technically, Messner prematurely filed his notice of appeal before judgment was entered.  Messner's appeal of his sentence of imprisonment ripened, however, when judgment on that sentence was entered.  See Fed. R. App. P. 4(b)(2) ("A notice of appeal filed after the court announces a decision, sentence, or order -- but before the entry of the judgment or order -- is treated as filed on the date of and after the entry.").  Litigants be warned, though:  That rule is not all encompassing, and a notice of appeal that jumps the gun on the judgment could potentially leave some yet-to-be-decided issues unappealable.  See Manrique v. United States, 137 S. Ct. 1266, 1273 (2017) ("If the court has not yet decided the issue that the appellant seeks to appeal, then [Rule of Appellate Procedure 4(b)(2)] does not come into play.").

(2012). In assessing a defendant's claim that counsel was constitutionally ineffective (and thus rose to the level of a Sixth Amendment violation), we follow the two-part test set out in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under that standard, a defendant must show both (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced her defense. Id.

We measure counsel's performance under the first prong using an "objective standard of reasonableness." United States v. Ortiz-Vega, 860 F.3d 20, 28 (1st Cir. 2017) (quoting United States v. Márquez-Pérez, 835 F.3d 153, 165 (1st Cir. 2016)). To show deficiency, the defendant has to fight off the strong presumption we apply that counsel's performance was adequate and that she "made all significant decisions in the exercise of reasonable professional judgment." United States v. Rivera-Ruperto, 852 F.3d 1, 8 (1st Cir. 2017) (quoting Strickland, 466 U.S. at 690).

To show prejudice in the context of ineffective assistance at sentencing, a defendant must show a reasonable probability that, but for incompetent counsel's errors, she would have received a lesser sentence. United States v. Grace, 367 F.3d 29, 37 (1st Cir. 2004); see Lafler, 566 U.S. at 165 ("[I]neffective assistance of counsel during a sentencing hearing can result in Strickland prejudice because any amount of additional jail time has Sixth Amendment significance." (cleaned up)). By reasonable

probability, we mean "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. That doesn't mean that the defendant has to show that the deficient performance "more likely than not altered the outcome," but it does mean the defendant has to show a "substantial, not just conceivable" probability of a different result. United States v. Baptiste, 8 F.4th 30, 35 (1st Cir. 2021) (first quoting Strickland, 466 U.S. at 693, then quoting Harrington v. Richter, 562 U.S. 86, 112 (2011)); see Chum v. Coyne-Fague, 948 F.3d 438, 444 (1st Cir. 2020). And in making our assessment, we remain ever mindful that the prejudice prong is meant "to ensure a defendant has not suffered a fundamentally unfair or unreliable outcome." Baptiste, 8 F.4th at 35.

Messner bases his ineffective-assistance claim on the application of the four-level enhancement for material portraying the sexual abuse or exploitation of an infant or toddler. See U.S.S.G. § 2G2.2(b)(4)(B). As Messner identifies, that provision introducing the sexual-abuse-of-a-toddler enhancement wasn't put into the Guidelines until November 2016 -- one month after the conduct he pleaded guilty to. See U.S.S.G. supp. to app. C, amend. 801, at 133–35, 137. So, he says, applying that enhancement to his pre-November 2016 conduct was worthy of objection since it would violate ex post facto principles, see U.S. Const., art. I,

§ 9, cl. 3 -- something he says any reasonably competent criminal-defense counsel would have known.[5]

Now, Messner's ineffective-assistance claim debuted on direct appeal raises a bit of an issue. As we've made clear on many an occasion, we review those direct-appeal claims only "rarely." See, e.g., United States v. LaPlante, 714 F.3d 641, 648 (1st Cir. 2013); United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993) (noting -- nearly thirty years ago -- that we had already by that point "held with a regularity bordering on the monotonous that fact-specific claims of ineffective assistance cannot make their debut on direct review"). That's so because in making his ineffective-assistance claim, the attack Messner must lodge often requires the resolution of factual issues on both prongs, which we courts of appeals are not adept to resolve. See United States v. Rodriguez, 675 F.3d 48, 55-56 (1st Cir. 2012); Mala, 7 F.3d at 1063.

Given that self-admitted inaptitude, we've developed three ways to address ineffective-assistance claims inaugurated on direct appeal. First, and most commonly, when the resolution of the claim requires further factual development, we often dismiss the claim without prejudice to its refiling as part of a motion

_____

[5] "Ex post facto" is Latin for "[d]one or made after the fact" or "having retroactive force or effect." Ex Post Facto, Black's Law Dictionary (11th ed. 2019).

- 10 -

under 28 U.S.C. § 2255. See, e.g., United States v. Maldonado, 708 F.3d 38, 45-46 (1st Cir. 2013); United States v. Guerrier, 669 F.3d 1, 9 (1st Cir. 2011). Second, we have softened that rule and at times said that "in special circumstances" -- such as when "the record is embryonic but contains sufficient indicia of ineffectiveness" -- we may remand the direct appeal to the district court for an evidentiary hearing rather than requiring the defendant start anew with a collateral challenge. E.g., United States v. Constant, 814 F.3d 570, 578 (1st Cir. 2016) (cleaned up); United States v. Colón-Torres, 382 F.3d 76, 84-85 (1st Cir. 2004). And third, in those rare circumstances in which the factual record is clear, we have proceeded directly to reviewing the defendant's claim on the merits. See, e.g., LaPlante, 714 F.3d at 648; Rodriguez, 675 F.3d at 55-56; United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). But we take that seldom-traveled route only "where the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration" of the claim. Natanel, 938 F.2d at 309.

As we'll turn to explain now, we agree with the government that route three is appropriate in this case: The factual record is clear enough to allow us to review Messner's claim, since the undisputed facts reflect that he suffered no prejudice from his counsel's failure to object on ex post facto

- 11 -

grounds to the sexual-abuse-of-a-toddler enhancement.[6]  And because Messner has not shown a reasonable probability of prejudice, we take our judicial superiors' advice to jump directly to that prong, see Strickland, 466 U.S. at 697, and accordingly need not decide whether counsel's performance was constitutionally deficient.[7]

Again, to show prejudice, Messner has to show that, had counsel objected on ex post facto grounds to the sexual-abuse-of-a-toddler enhancement, there is a reasonable probability he would have received a lesser sentence.  See Grace, 367 F.3d at 37.  But

_____

[6] Although Messner contends the record is sufficient to determine he was prejudiced because of a higher-than-appropriate Guidelines range, he claims that we would need to engage in speculative factfinding to determine what would have happened had the government proposed to use an alternative enhancement and thus suggests a remand for factfinding on this prejudice prong.  True, "the trial court, rather than the appellate court, . . . is in the best position to assess whether [counsel]'s decision . . . resulted in prejudice to [the defendant]'s substantial rights." United States v. Ofray-Campos, 534 F.3d 1, 34 (1st Cir. 2008). But we may nonetheless review for prejudice on direct appeal where the facts are undisputed and the record lets us analyze the prejudice without the district court's generally helpful factual findings.  See, e.g., LaPlante, 714 F.3d at 647–48, 650–51.

[7] We note that prudent defense counsel should remain mindful of the Supreme Court's (and our) conclusion that -- generally -- "when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense," then there is an ex post facto violation.  Peugh v. United States, 569 U.S. 530, 533, 544 (2013); United States v. Mantha, 944 F.3d 352, 354 (1st Cir. 2019).  And we emphasize the caveat "generally" because readers should also be mindful of potential exceptions to that rule.  See, e.g., Mantha, 944 F.3d at 354–56 (detailing what Guidelines to apply when there are multiple related offenses spanning across different versions of the Guidelines).

had Messner made that ex post facto-based objection, he would've run face first into subparagraph (A) of the same enhancement. Subparagraph (A) provides for a four-level enhancement if "the offense involved material that portrays . . . sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.2(b)(4)(A) (2018). As the probation officer noted, one of Messner's photos depicted the penetration of a toddler's vagina by an adult male penis. And, as the probation officer observed, we held years ago that "images depicting the sexual penetration of young and prepubescent children by adult males" are sufficient to support the application of the sadistic-or-masochistic enhancement under § 2G2.2(b)(4)(A). See United States v. Hoey, 508 F.3d 687, 691 (1st Cir. 2007). Messner does not contend there was a possible ex post facto challenge to be made to that provision, likely because it was clearly in effect at the time of the offense conduct here. See U.S.S.G. § 2G2.2(b)(4) (2016).

Messner contends, however, that it is not at all certain that the court would have applied the sadistic-or-masochistic enhancement as an alternative.

First, Messner believes that there was "no record evidence" that the photograph supporting the sexual-abuse-of-a-toddler enhancement also could have supported the sadistic-or-masochistic enhancement. But the record reveals otherwise. According to the PSR (which the district court adopted), one

photograph (as we just mentioned) "depicts an adult male penis penetrating the vagina of a toddler-aged female." Messner never objected to the description of that photograph below, allowing the court to rely on it as an undisputed fact of the case. See United States v. González, 857 F.3d 46, 61-62 (1st Cir. 2017); United States v. Orsini, 907 F.3d 115, 120 (1st Cir. 2018) ("[A] defendant who accepts the [PSR]'s configuration of the sentencing record can scarcely be heard to complain when the sentencing court uses those facts in making its findings." (cleaned up with new alterations added) (quoting United States v. Turbides-Leonardo, 468 F.3d 34, 38 (1st Cir. 2006))); see also Fed. R. Crim. P. 32(i)(3)(A) (sentencing courts "may accept any undisputed portion of the presentence report as a finding of fact").[8] What's more, Messner's second trial counsel conceded -- relying on the PSR's description of the photographs -- that the material here reflected the sexual abuse of a toddler. In other words, trial counsel at least agreed with probation's description that one photograph depicted a toddler, yet did not think to argue that the rest of the photo's description was inaccurate because it did not depict the sexual

_____

[8] To be sure, Messner's first counsel objected to the four-level sexual-abuse-of-a-toddler enhancement on the ground that the material "did not portray the sexual abuse . . . or exploitation of an infant or toddler." But that objection referred the probation officer to the Guideline's application notes and made no factual qualms with the PSR's description of the photograph's contents.

penetration of a toddler. And, fatally, Messner does not contend that his counsel was constitutionally defective for failing to object to the PSR's factual description of the photograph. Based on that undisputed fact, Messner has not shown a reasonable probability that the court would have found that the sadistic-or-masochistic enhancement did not apply.

Next, Messner also avers that neither the PSR nor the government relied on the sadistic-or-masochistic enhancement below, so it was not before the court. But he again ignores the record. The probation officer's responses to Messner's objections were included as an addendum to the final version of the PSR, which made clear that the probation officer believed the § 2G2.2(b)(4) enhancement was appropriate because there was sadistic-or-masochistic material under Hoey. And the government's first sentencing memorandum explicitly argued that the "sexual abuse/exploitation of a toddler/sado-masochistic enhancement" applied because of the image depicting an adult male penis penetrating a toddler-aged girl's vagina.[9] It is thus clear that

---

[9] Messner also slips a two-sentence argument into his brief that both of his trial counsel were ineffective for failing to object to what he calls the government's and probation officer's attempt to apply both of these alternative provisions of § 2G2.2(b)(4). Even if we were to assume that argument is not waived for lack of development, see Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996), and even if we were to assume that the government and the probation officer weren't just trying to show that the enhancement applied under either ground as opposed to both, this ineffectiveness claim suffers the same fate under

- 15 -

both the probation officer and the government were on the same page:  The § 2G2.2(b)(4) enhancement would apply under either subparagraph, and at the very least under the sadistic-or-masochistic paragraph.[10]

Finally, Messner contends that even if the enhancement applies, there is still a reasonable probability that his sentence would have been lower based on a store of arguments he could have made.  He claims the district court may not have imposed a four-level enhancement based on a single image never produced to the court.  But both of his trial counsel made that argument concerning a single image supporting the sexual-abuse-of-a-toddler

---

the prejudice prong because had Messner objected on that ground, it is still clear that the sadistic-or-masochistic enhancement would have applied on its own.

[10] Our no-prejudice conclusion is not inconsistent with our recent decision in United States v. Vélez-Vargas, 32 F.4th 12, 14–15 (1st Cir. 2022).  There, we did not permit the government on remand to seek a crime-of-violence enhancement based on a predicate felony different than the sole one advanced in the PSR below.  Id. But there, the defendant had specifically objected to that predicate felony being used to support the enhancement, and the government did not submit alternative factual predicates in the face of that objection.  See id. at 13–14.  This case does not involve the failure to include additional factual predicates for the same enhancement in the face of an objection.  Instead, it concerns a separate enhancement provision as an alternative to a provision the defendant conceded applied.  And to be clear, the government here did cover alternatives -- its original sentencing memo argued the sadistic-or-masochistic enhancement would also apply, aligning with the probation officer's similar understanding.  Messner's concession to the sexual-abuse-of-a-toddler enhancement left the government no reason to debate at length the alternative, equally applicable enhancement.

enhancement, and the district court adopted the PSR's recommendation to apply that four-level enhancement based apparently on a single image never produced to the court.[11] Continuing, he claims that defense counsel could have argued the four-level enhancement was too harsh since the image was carved from the non-accessible portion of the laptop's hard-drive.[12] But all the images described in the PSR, and the one used to justify the sexual-abuse-of-a-toddler enhancement, were also carved, and the district court was aware of Messner's position that carved photographs should bear less weight, yet still varied downward only two points. Wrapping up, Messner claims counsel could have argued that there was no evidence that the victim's age was apparent from the face of the image and that he made no admissions or agreements about the image's contents. But, of course and to repeat, Messner failed to object to the PSR's description of the image's contents, and his counsel even conceded that the material here reflected the sexual abuse of a "toddler." And, again,

---

[11] Although Messner contends the images were never produced to the court, we note that nothing in the record makes clear one way or the other if the district court reviewed the images referenced in the PSR.

[12] "Carved" data refers to a forensic data-mining technique in which tech-savvy agents can recover deleted files still existing somewhere in the bowels of a computer's hard drive not readily accessible to those without the technological know-how. See United States v. Davis, 859 F.3d 429, 433 (7th Cir. 2017) (recounting expert testimony on this subject).

although Messner perhaps rightly contends his counsel was ineffective in not lodging a constitutional objection to the sexual-abuse-of-a-toddler enhancement, he makes no averment here that his counsel was likewise ineffective in failing to object to the factual accuracy of the PSR's description of the photograph.[13] Nor, for that matter, does Messner even suggest the description was inaccurate.

So, the problem for Messner is that the court was already aware of those additional arguments. Yet, clearly unpersuaded by them, the court still applied the four-level enhancement. Indeed, the two-level variance the court gave was not based on any issue

---

[13] At oral argument, Messner contended that his trial counsel had no incentive to object to the photograph's description because the government could have then just substituted any number of photographs that depicted a toddler to suffice for the sexual-abuse-of-a-toddler provision alone. But we fail to see how counsel was not incentivized to object to a supposedly inaccurate description of a photograph at the center of the crime and the largest Guidelines enhancement. It is not at all clear how defense counsel would not be incentivized to make clear to the district court imposing sentence that the child pornography contained in the defendant's case was not actually as gruesome as the PSR described, particularly given our case law. See Hoey, 508 F.3d at 691 ("[I]mages depicting the sexual penetration of young and prepubescent children by adult males represent conduct sufficiently likely to involve pain such as to support a finding that it is inherently 'sadistic' or similarly 'violent' . . . ."). And given the probation officer's response that the photo justified the sadistic-or-masochistic enhancement and the government's similar reliance in its sentencing memo on the sadistic-or-masochistic enhancement, that certainly incentivized counsel to argue that the photo was not sadistic or masochistic. But even original trial counsel, who objected that the photo didn't depict the sexual abuse of a toddler, did not do that.

with the harshness of the sexual-abuse-of-a-toddler enhancement -- it was based on the court's belief in the harshness of the sentence relative to the number of images involved.

In all, Messner has given us no reason to see a reasonable probability that the district court would have given him a lower sentence if his counsel had objected to the sadistic-or-masochistic enhancement on ex post facto grounds.[14]  See Peralta v. United States, 597 F.3d 74, 82-83 (1st Cir. 2010) (per curiam) (no prejudice from failing to argue that a conviction would not have qualified as a career-offender predicate under one of the Guidelines provisions where it would have qualified under another); cf. United States v. Wainwright, 509 F.3d 812, 816 (7th Cir. 2007) (finding no prejudice under plain-error review for any erroneous application of one five-level enhancement where the undisputed facts reflected another five-level enhancement would have applied absent the original enhancement).

### CONCLUSION

All said, we **affirm.**

---

[14] Given our conclusion, we need not resolve the parties' quarrel over the potential applicability of a two-level vulnerable-victim enhancement under U.S.S.G. § 3A1.1 if the sadistic-or-masochistic subparagraph had applied instead of the sexual-abuse-of-a-toddler subparagraph.