# United States Court of Appeals
# for the Second Circuit

August Term, 2023

Argued: April 18, 2024
Decided: July 8, 2025
_____

Docket No. 22-6024

VILMA ESPERANZA CASTEJON-PAZ,

*Petitioner*,

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL

*Respondent.*[*]
_____

Docket No. 22-6349

GERMAN ALEJANDRO CERRATO-BARAHONA,

*Petitioner*,

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL

*Respondent.*[**]

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.
[**] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

_____

On Petition for Review from Orders
of the Department of Homeland Security

_____

Before:     CALABRESI, PARKER, and PARK, *Circuit Judges*.

8 U.S.C. § 1252(b)(1) states that, in immigration proceedings, "[t]he petition for review must be filed not later than thirty days after the date of the final order of removal."   Our court held in *Bhaktibhai-Patel v. Garland* that this rule was jurisdictional and stripped us of the ability to review untimely petitions.  32 F.4th 180, 188 (2d Cir. 2022).  Recently, in *Riley v. Bondi*, the Supreme Court disagreed and held that § 1252(b)(1) is not a jurisdictional rule, but a claim-processing requirement that may be waived by the parties.  No. 23-1270, 2025 WL 1758502, at *10 (U.S. June 26, 2025).

Petitioners Castejon-Paz and Cerrato-Barahona filed for review well over thirty days after their final removal orders.  Although this would have divested our court of jurisdiction under *Bhaktibhai-Patel*, we hold that *Bhaktibhai-Patel*'s jurisdictional holding has been abrogated by *Riley*.  Because the thirty-day filing deadline is nonjurisdictional and the Government has waived application of it to the petitions, in the cases before us, § 1252(b)(1) poses no bar to our court hearing either petition.

These petitions were referred (along with a motion to dismiss for lack of jurisdiction in Cerrato-Barahona's case) to our panel to decide the jurisdictional question.  We today hold that our court has jurisdiction, DENY the motion to dismiss in Cerrato-Barahona's case and respectfully order the Clerk of Court to order briefing on the merits and to assign both petitions to appropriate panels in the ordinary course.

_____

JON E. JESSEN, Law Offices of Jon E. Jessen, LLC, Stamford, CT, *for Petitioner Castejon-Paz*

XAVIER A. PALACIOS, Palacios Law Group, Mineola, NY, *for Petitioner Cerrato-Barahona*

DAWN S. CONRAD (Erica B. Miles, Assistant Director, *on the brief*), Senior Litigation Counsel, Office of Immigration Litigation, *for* Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, DC, *for Respondent*

TRINA REALMUTO (Kristin Macleod-Ball, *on the brief*), National Immigration Litigation Alliance, Brookline, MA, *for amici curiae National Immigration Litigation Alliance, Bronx Defenders, Brooklyn Defender Services, Legal Aid Society, and Make the Road New York*

THOMAS SCOTT-RAILTON (John Harland Giammatteo, State University of New York at Buffalo School of Law, Buffalo, NY, *on the brief*), Gupta Wessler LLP, Washington, DC, *for amici curiae Richard Frankel, Amanda Frost, John Harland Giammatteo, David Hausman, David C. Vladeck, and Tiffany Yang*

R. TRENT MCCOTTER (Gene P. Hamilton, America First Legal Foundation, Washington, DC, *on the brief*), Boyden Gray PLLC, Washington, DC, *for amicus curiae America First Legal Foundation*

_____

CALABRESI, *Circuit Judge*:

8 U.S.C. § 1252(b)(1) states that, in immigration proceedings, "[t]he petition for review must be filed not later than thirty days after the date of the final order of removal."  In these tandem appeals, two petitioners sought judicial review of their immigration proceedings well beyond thirty days after their removal orders.

This raised—in both cases—a threshold question of whether our court has jurisdiction to hear these petitions under § 1252(b)(1).  We hold today that we do.

Although noncitizens subject to a reinstated removal order are not eligible "for any relief" under the Immigration Nationality Act, 8 U.S.C. § 1231(a)(5), the United States adheres to two treaties that prohibit the removal of a noncitizen to a country when the noncitizen faces a threat of persecution or torture in that country.[1]  Proceedings pursuant to these treaties do not contest the Government's right to remove the individual, but instead determine whether removal to a specific country should be withheld.  Accordingly, they are known as "withholding-only proceedings." *Johnson v. Guzman Chavez*, 594 U.S. 523, 530 (2021).

Petitioner Vilma Esperanza Castejon-Paz, a citizen of Honduras, was subject to a 2012 removal order that was reinstated in 2014.  She initiated withholding-only proceedings, asserting that she feared persecution in Honduras at the hands

---

[1] Pursuant to these treaties, the United States allows for withholding of removal either when a person's "life or freedom would be threatened on account of his race, religion, nationality, membership of a particular social group or political opinion," United Nations Convention Relating to the Status of Refugees, July 28, 1951, art. 33(1), 19 U.S.T. 6259, 6276, 189 U.N.T.S. 150, 176; *see also* 8 U.S.C. § 1231(b)(3)(A), or "there are substantial grounds for believing that he would be in danger of being subjected to torture" in that country, United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, December 10, 1984, art. 3, 1465 U.N.T.S. 85; *see also* 8 CFR §§ 208.16–208.17, 1208.16–1208.17.

of the MS-13 gang and of her abusive ex-husband.  In a December 2021 order, an immigration judge agreed with the asylum officer's determination that Castejon-Paz had failed to tie her fear of persecution to a statutorily protected ground. Castejon-Paz petitioned this court for review in January 12, 2022.

Petitioner German Alejandro Cerrato-Barahona, a citizen of Honduras, was subject to an October 2010 removal order that was reinstated in June 2019.  His July 2022 petition seeks review of a June 2022 order in his withholding-only proceedings, in which the immigration judge, agreeing with an asylum officer's determination, held that Cerrato-Barahona had failed to demonstrate credibly any reasonable possibility of persecution or torture.

Under 8 U.S.C. § 1252(b)(1), "[t]he petition for review must be filed not later than thirty days after the date of the final order of removal."  In *Bhaktibhai-Patel v. Garland*, we held (1) that adverse determinations in withholding-only proceedings are not "final order[s] of removal" under § 1252(b)(1); and (2) also that the thirty-day filing requirement was jurisdictional, and when not satisfied, deprived us of the power to review a petition.[2]  32 F.4th 180, 188 (2d Cir. 2022).  Operating in

---

[2] To be clear, *Bhaktibhai-Patel* was not written on a blank slate. Instead, the case applied previous cases interpreting § 1252(b)(1).  *Bhaktibhai-Patel*, 32 F.4th at 188 (citing *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 118 (2d Cir. 2008) ("§ 1252(b)(1) is indeed jurisdictional in nature.")).  We refer to *Bhaktibhai-Patel* throughout this opinion, however, for two reasons: (1) it is the most recent precedential affirmation of our holding that § 1252(b)(1) is jurisdictional and (2) it was the first instance in which we held that an

tandem, *Bhaktibhai-Patel's* two holdings prevented courts from reviewing petitions where the petitioner did not appeal within thirty days of the final order of removal.

Because Petitioners filed their petitions more than thirty days after their final orders of removal, *Bhaktibhai-Patel* required that we dismiss these appeals for lack of jurisdiction. *Bhaktibhai-Patel*'s jurisdictional holding, however, was abrogated by the Supreme Court in *Riley v. Bondi*, which held that § 1252(b)(1)'s thirty-day filing deadline is not jurisdictional. *Riley v. Bondi*, No. 23-1270, 2025 WL 1758502, at *10 (U.S. June 26, 2025). Accordingly, *Bhaktibhai-Patel*'s holding that § 1252(b)(1)'s thirty-day filing requirement is jurisdictional is no longer the law of our Circuit.

In *Riley*, the Supreme Court expressly held that § 1252(b)(1)'s thirty-day filing deadline is a "claim-processing rule," *Riley*, 2025 WL 1758502 at *8, that can be subject to waiver or forfeiture, s*ee Wilkins v. United States*, 598 U.S. 152, 158 (2023). Here, the Government waived application of the thirty-day filing rule as to both petitions. As a result, § 1252(b)(1) poses no bar to our court resolving these petitions on their merits.

---

immigration judge's final disposition of withholding-only proceedings did not constitute a final order as described in § 1252(b)(1).

**CONCLUSION**

*Riley* held that § 1252(b)(1) is a claim-processing rule, and accordingly *Bhaktibhai-Patel*'s jurisdictional holding is no longer the law of our Circuit. We therefore DENY Respondent's motion to dismiss Cerrato-Barahona's petition for lack of jurisdiction. And since the Government has waived the thirty-day filing deadline, § 1252(b)(1) does not bar our court from hearing these petitions. Having settled the jurisdiction question posed to us, in the interest of judicial economy, we respectfully direct the Clerk of Court to order briefing on the merits in both these cases and to assign them to appropriate panels in the ordinary course.